## DUPREE & HAMPTON V. SMITH.

1. A writ issued against two defendants, and was returned executed generally, but there was another return, certifying that one of the defendants was not found; a second writ, similar to the first, was issued returnable to the next term, and executed on the defendant not previously served. At an adjourned term, holden about three months after the second writ was served, a judgment was rendered against the defendants by their omission to gainsay the action: *Held*, that the first writ was not executed on both the defendants; that the term to which the second was returnable, was the appearance term, and that at which the judgment was rendered was a mere continuation of it. .
2. The act of February, 1839, "to abolish attornies fees in certain cases," inhibits the rendition of a judgment in an action brought for the collection of money, at the appearance term; unless it be by *express* consent.

THE defendant in error on the first day of October, 1839, caused to be issued from the Circuit Court of Cherokee, a writ of *capias ad respondendum*, against the defendants, with a view to the recovery of a promissory note, of the following tenor:

"$120.—On or before the first day of February, 1839, we promise to pay Silas Smith, or bearer, the sum of one hundred and twenty dollars, for value received, this 8th February, 1838.

WILLIAM S. DUPREE,

WADE HAMPTON."

On this writ, the sheriff made the following indorsements:
"Came to hand 1st Oct. 1839. Executed the 2d Oct. 1839.

M. H. HUGHES, sheriff, by his deputy

W. F. MEANS.

"Dupree not found in my county, Oct. 2, 1839.

M. HUGHES, sheriff, by his deputy,

W. F. MEANS."

On the 1st day of April, 1840, another writ, similar to the first, was issued returnable to the spring term of the same Court. This writ was placed in the sheriff's hands on the day of its issuance and executed the same day. On the 10th March, 1840, the plaintiff filed a declaration against both the defendants, entitled as of the spring term, 1840. At an adjourned term of the Court, holden in July, of the same year, a judgment was rendered against the defendants for the amount of the note, with interest and costs, which recites that the parties came, by

their attorneys, and the defendants say nothing in bar or preclusion of the plaintiff's right of action.

To revise this judgment, the defendants have sued a writ of error to this court.

Moore for the plaintiffs in error.

Wm. B. Martin, for the defendant.

COLLIER, C. J.—Though the first writ is returned executed generally, we must consider it as served on Hampton alone, because the Sheriff returns specially that Dupree was not found. And the object of the second writ although it is not professedly an *alias*, was intended to bring Dupree before the court.— In this view of the case, the spring term 1840, was obviously, the appearance term, and the first at which the parties could make up their pleadings.

The adjourned term of the court holden in July, 1840, at which the judgment was rendered, was but a continuation of the preceding term, so that in effect the judgment was rendered without the intervention of a continuance.

By the act of the 2d February, 1839, "to abolish attorneys' fees in certain cases," it is enacted, that in suits brought for the purpose of collecting money, no judgment shall be rendered at the appearance term (unless it be by consent,) for the failure of the defendant to plead or enter an appearance as then required by law. And that the defendant shall plead to the merits within the first week of the appearance term, and upon failure to do so, shall forfeit his right to make any defence thereafter. The terms of this act are exceedingly clear, and show that in a case like the one before us no judgment can be rendered against the defendant, unless it be by consent, until the second term after the service of process.

There is nothing in the record to show that the defendants consented that a judgment might be taken against them. The consent contemplated by the act is express, and not merely inferrable from an omission to plead. This is indicated by the positive declaration that no judgment shall be rendered at the appearance term for the failure to interpose a defence.

We find in the record what is called a plea, but it is only the title of a plea, and could not be recognized unless accepted by

the plaintiff. But if it were entirely formal it could not influ- ence our judgment in any degree. Our conclusion is, that the judgment of the Circuit Court must be reversed and the cause remanded.