## EMANUEL vs. KETCHUM.

1. In *scire facias* at common law, the plaintiff may treat the *sci. fa.* as a writ simply, and declare upon it, or he may make it stand in the place of both writ and declaration; but in the latter case, the writ must contain the averments which are necessary to make a declaration good.

2. This rule of the common law is not at all affected by the statute of this State, respecting judgments *nisi*, and *scire facias* thereon, against a defaulting witness in a civil case.

3. A *sci. fa.* against a defaulting witness should set out the *subpœna*, either *verbatim* or substantially, and aver that it was served. It should also contain an averment showing at what day and term the witness was bound to appear, or it is fatally defective.

4. If there is no declaration, or if the declaration is fatally defective, for the want of an indispensable averment, the defendant may demur. move in arrest of judgment, or assign error.

5. A judgment by *nil dicit* cannot cure a defective declaration; it only admits that the party has been properly brought into court.

6. Where judgment by *nil dicit* is rendered on a *scire facias* against a defaulting witness, the judgment will be reversed on error assigned in the Appellate Court, if the *scire facias* is fatally defective for the want of necessary averments.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. JOHN BRAGG.

This was a *scire facias* by Ketchum against Emanuel, as a defaulting witness. The *sci. fa.* is in these words:

"The State of Alabama, Mobile County,

To any Sheriff of the said State, Greeting:

You are hereby commanded, to make known to Jonathan Emanuel, that at the Fall Term, 1848, of the Circuit Court of Mobile County, a judgment *nisi*, of which the following is a copy, was rendered against him:

"George A. Ketchum ) 21st day of Dec., A. D. 1848.
        *vs.*           } This day came the parties, by their
Benj. F. Scattergood. ) attorneys, and it appearing to the satisfaction of the court, that Jonathan Emanuel has been duly summoned by *subpœna*, as a witness on the part of the plaintiff in this case, and being this day called to come into court and give testimony, came not, but made default; it is therefore considered by the court, on motion of the plaintiff, that he forfeit his *subpœna*, and that the plaintiff have and recover from him the sum of one hundred dollars, unless he make his personal appearance at the next term of this court to be holden on the third Monday after the fourth Monday in March, 1849, and show good cause why this judgment should not be made absolute."

This writ is tested March 9, 1849, and was returned execu-

Emanuel v. Ketchum.

ted March 24, 1849, by the sheriff of Mobile county. The judgment final is in these words:

"George A. Ketchum       This day came the parties, by
          *vs.*           their attorneys, and the plaintiff
Jonathan Emanuel.       moved the court for judgment absolute against the defendant, and it appearing to the court, that a judgment *nisi* was rendered in this court, against the defendant, in favor of the plaintiff, on the 21st December, 1848, for one hundred dollars, and that the defendant has been duly served with *scire facias*, and saying nothing in bar of the plaintiff's motion; it is considered by the court, that the said judgment *nisi* be made absolute, and that the plaintiff recover of the defendant the sum of one hundred dollars, and the costs in this behalf expended."

The errors assigned are:

1. That the record shows no *subpœna;*

2. That no *subpœna* is set forth in the *scire facias;*

3. That the *scire facias* contained no averment of the existence of a *subpœna,* nor does it contain any summons to the defendant.

JOHN A. CAMPBELL, for the plaintiff in error.

PHELAN, J.—In *scire facias* the plaintiff may treat the *sci. fa.* as a writ simply, and declare upon it, or he may make the writ stand in the place of both writ and declaration. But if this be done, the writ must contain such averments as would be necessary to make a declaration good. 2 Dunlap, Scire Facias. Such is the rule at common law, and there is nothing in our statute respecting judgments *nisi* and *scire facias* on forfeited bonds and recognizances, which at all affects the rule, in the case of *scire facias* against a defaulting witness in a civil case.

In *sci. fa.* against bail, the bail bond must be set out substantially, or in *hæc verba,* and if neither is done, it will be error; and this, too, in a case where the defendant appeared and pleaded, not noticing the defect in the *sci. fa.* by demurrer or otherwise. Toulmin v. Bennett, 3 S. & P., 220.

Upon the same principle, it is necessary that a *sci. fa.* against a defaulting witness should set out the *subpœna,* either by copy

or in substance, and aver that it was served. This is not done in the present case. The writ of *sci. fa.* is nothing more than a copy of the judgment *nisi*, which recites, that it appeared to the satisfaction of the court " that J. Emanuel had been duly summoned, by *subpœna*, as a witness on the part of the plaintiff, and being this day called to come into court and give testimony, came not, but made default. It is therefore considered," &c.

The *sci. fa.* is wholly wanting in an averment showing that the witness was bound to appear at that term on that day, or when. This was a material averment, for the want of which, allowing the greatest indulgence to this proceeding, the *sci. fa.* must be pronounced defective.

If there is no declaration, or, what is the same thing, if the declaration is fatally defective for the want of an indispensable averment, the defendant may demur, move in arrest of judgment, or assign error.

When there has been a verdict upon issue joined, it has been held, that we would presume there was a declaration, and that it had been lost from the record. It has been also held, that when the judgment was by default, and there is no declaration, or one fatally defective, the court will reverse. Neither of these decisions covers precisely the present case. Here is a judgment by *nil dicit :* " came the parties, by their attorneys, and the defendant said nothing in bar of plaintiff's motion," and there is no declaration, or else a defective one, just as we may hold the *sci. fa.* to be the one thing or the other. A judgment by *nil dicit* does nothing more than admit that the party is properly brought into court. It cannot cure a defective declaration. Randolph v. Cook et al., 2 Por., 286. We are compelled to hold, that this appearance is no waiver, either of the defects of a declaration or of the want of a declaration. See 15 Ala., 841; 5 ib., 674.

The judgment below is reversed, and the cause remanded.