Durden v. The State.

---

## DURDEN *vs.* THE STATE.

[JUDGMENT AGAINST DEFAULTING WITNESS BEFORE GRAND JURY.]

1. *Sufficiency of scire facias.*—A *scire facias* on a judgment *nisi* against a defaulting witness summoned to attend before the grand jury, which is made to subserve the double purpose of writ and declaration, and which only sets out the judgment *nisi*, wherein all the facts necessary to show a compliance with the requisitions of the statute (Code, § 3492) are not stated, will not support a final judgment against such witness.

APPEAL from the Circuit Court of Choctaw.
Tried before the Hon. E. W. PETTUS.

THE appellant in this case having been summoned to attend as a witness before the grand jury, and having made default, a judgment *nisi* was taken against him, on which a *scire facias* was issued. The *scire facias*, omitting the caption and conclusion, was in these words:

"Whereas, at a circuit court begun and held for the county of Autauga, on the 29th day of September, 1856, the following order was made, and the following judgment entered, to-wit:

> 'The State        }     Came the State, by its solic-
>       *vs.*           itor; and it appearing to the
> Washington L. Durden. } satisfaction of the court that,

at the last term of this court, Washington L. Durden was subpœnaed as a witness on the part of the State to appear before the grand jury, and, being called to appear and testify, came not, but made default; and that the subpœna in this behalf has been duly executed and returned; and that a forfeiture was rendered by the court, at the said last term, for his said default, but, owing to a clerical error, the said judgment was not entered up: On motion, it is therefore considered by the court, that the State of Alabama, for the use of Autauga county, recover of the said Washington L. Durden the sum of one hundred dollars, agreeably to the statute, unless, at the next term of this court, he show cause why this judgment should not be rendered final and absolute; and *sci. fa.* to issue accordingly'—

"These are therefore to command you, that you make known the premises aforesaid to the said Washington L. Durden, that he be and appear at the next circuit court to be held for said county, at the place of holding the same, to show cause why said judgment should not be rendered final and absolute against him."

The defendant demurred to the *scire facias*, "in short by consent, because it does not show that the subpœna executed on the defendant was returned into court, with the forfeiture thereon endorsed, and signed by the foreman of the grand jury." The court overruled the demurrer, and confirmed the judgment *nisi;* and its rulings and judgment are now assigned as error.

ELMORE & YANCEY, with WM. H. NORTHINGTON, for the appellant.

M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—The right to proceed in this case to a final judgment, by taking a judgment *nisi*, and by *scire facias*, is purely statutory, being conferred by section 3492 of the Code.   To justify a judgment against a defaulting witness, who was summoned to give evidence before the grand jury, the record must affirmatively show a substantial compliance with the statute.—Connolly v. Ala. and Tenn. Rivers R. R. Co., 29 Ala. R. 373, and authorities cited.

The *scire facias* in this case does not contain enough to justify the judgment rendered.   If other facts existed, which make out the regularity of the proceeding, they should have been set forth in a complaint, or declaration. Emanuel v. Ketchum, 21 Ala. 257.

The judgment of the circuit court is reversed, and the cause remanded.