## HOLTZCLAW vs. WARE.

[APPEAL FROM ORDER FOR REMOVAL OF EXECUTOR.]

1. *Limitation of appeal.*—Five days is the limitation of an appeal from an order of the probate court removing an executor on account of his failure to give bond when required, (Code, § 1888;) and if an appeal is taken after the expiration of that time, the appellate court will dismiss it *ex mero motu,* without any objection on the part of the appellee.

APPEAL from the Probate Court of Montgomery.

IN this case, Charles T. Pollard, James T. Holtzclaw and N. W. Cocke, executors of the last will and testament of Thomas M. Cowles, deceased, who were relieved by an express provision in their testator's will from giving bond for the faithful discharge of their duties as such executors, were required by an order of said probate court, granted on the application of one Robert J. Ware, a creditor of the estate, to give bond with sureties, in the penal sum of $1,000,000, by the 15th September, 1857. Pollard gave bond within the prescribed time, and Cocke resigned his trust; and Holtzclaw having failed to give bond as required, his letters were revoked by the court on the 25th September, 1857, and Pollard was appointed sole executor. From this order of removal, on the 3d March, 1858, Holtzclaw sued out the present appeal, and here assigned said order as error; and there was a joinder in error by the appellee. On this state of facts, George Goldthwaite, as *amicus curiæ,* moved to dismiss the appeal, on the ground that it was barred by the statute of limitations.

GEO. GOLDTHWAITE, for the motion.

JNO. A. ELMORE, *contra.*

A. J. WALKER, C. J.—The appellant took his appeal in this case from an order of the probate court removing him as executor. This appeal was taken after the expi-

ration of five days, the time allowed for taking an appeal under such an order. The appellee makes no motion to dismiss the appeal, and we have no evidence that he desires a dismissal. Our attention has been called to the subject by the motion, in open court, of counsel representing neither of the parties. We assert, and will endeavor to maintain, that it is the duty of the court, when it perceives that this appeal is thus taken after the expiration of the prescribed period, to dismiss it.

The third subdivision of section 1888 of the Code restricts the right of appeal from an order removing an executor, to a period of five days after such order. It is certain that this law presents a fatal objection to the consideration of an appeal not taken within the prescribed time, whenever the authority of the court is legally brought to bear upon the objection. The statute makes no express command as to the manner in which the court may be moved or incited to action upon the subject. The statute does not, in terms, affirm or deny that the court must take cognizance of the defect in the appeal, only upon the motion of the appellee; nor does it expressly affirm or deny that the court may act upon its own suggestion in reference to such defect. Finding in the statute no expressly prescribed rule, we must seek for a guide to our decision in the principles of the common law, and in the spirit and purpose of the statute.

If this court can only dismiss an appeal from an order removing an executor, upon the motion of the appellee, it is in the power of the appellee to waive the objection; and indeed, the enforcement of the limitation is absolutely subject to the discretion of the appellee, so that the power of the court *ex mero motu* to dismiss such an appeal, depends upon the question of the appellee's right to waive the objection. A party may certainly waive that which is for his benefit. "*Regula est juris antiqui, omnes licentiam habere his, quæ pro se introducta sunt, renunciare.*" But that which is not prescribed peculiarly for his benefit, he can not waive. For example, a foreign consul cannot waive his privilege of exemption from suit in a state court, because it is conferred on account of his government.—Davis

v. Packard, 7 Peters, 284. One man can never, upon any principles of justice, be permitted to dispense with the obligations of a rule, which, though affording protection and security to him, is especially designed to benefit others, and to guard interests in which he may have but a slight participation, and which he is not bound as a trustee or otherwise to protect. If, then, it can be demonstrated that the especial and peculiar purpose of the statute above named was to protect interests other than those of the appellee, and for the protection of which there is no guaranty in the liability of the appellee as trustee or otherwise, the inference must be, that the appellee can not waive the objection to this appeal, that it was not taken within the prescribed time.

To the statute of limitations which we are now considering there are no exceptions of coverture or infancy. This fact, together with the extreme brevity of the period allowed for taking the appeal, is entitled at least to some weight in an argument that the legislature, in prescribing the time, did not exclusively consult the interests of the immediate parties, but looked beyond them, to the interests of others which might be affected, and aimed to establish an unbending rule which would protect them. But we draw our argument chiefly from the sections of the Code which direct the penalty, condition and effect of a bond given upon obtaining an appeal from an order removing an executor.—Code, §§ 1895, 1896. The appeal bond is required to be in an amount not less than the appellant's bond as executor, and to be conditioned to prosecute the appeal to effect, and, until the appeal is decided, to discharge faithfully his duties as executor. The bond suspends the order of removal, restores the executor to his trust, and operates as a security for the faithful discharge of his executorial duties pending the appeal. The appeal virtually makes a representative of the estate, and in the bond gives a security for the administration. Every person interested in the estate has, therefore, an interest in the appeal; and it is manifest that those interests were looked to in the regulations prescribed. If the party upon whose motion the executor

is removed, and who is the appellee in the appeal, can waive the statute of limitations, he could waive the bond; and he might thus deprive those interested in the estate as legatees, distributees, or creditors, of a security provided for their protection. Again, if the parties to an appeal can, after the expiration of the period of limitation, have an appeal. it would result, that a removed executor or administrator could, after his successor (the appeal being considered as barred) had been appointed, and had qualified and entered upon the discharge of his duties, oust such successor without his consent, and against the wishes and interests of the many persons besides the appellee interested in the appeal. Furthermore, the parties to an order of removal might, after the bar was complete, reinstate an executor removed for imbecility or embezzlement, and contrive to so delay the trial of the appeal as to retain such a trustee in office for an indefinite time. And lastly, the period of five days, so unusually brief, has been prescribed evidently because the interests of legatees, distributees and creditors, required that the question of a right to the representation of the estate should be speedily settled; and this purpose of the law-maker utterly fails, if it is in the power of him who makes the motion for removal at any time to allow an appeal, and then continue it *ad libitum* in the supreme court.

It must be admitted, that the statute of limitations to writs of error and appeals, where there are exceptions such as infancy and coverture, must be pleaded, in order that the appellee or defendant in error may reply.—Brooks v. Norris, 11 How. 204; 2 Tidd's Practice, 1141; Higgs v. Evans, 2 Strange, 837. But the law which we are considering is peculiar, and the statute prescribing the time within which the appeal may be taken, unlike other statutes of limitations, indicates a legislative intention to guard and protect interests and rights of persons not parties to the appeals. Believing that the legislature never designed, in fixing the period of limitation to this appeal, to make the enforcement of the law optional with the parties, it is our duty to adopt the proper means for carrying out the intention of the legislature. We hold,

therefore, that it is not only the province, but the duty of this court, whenever its attention is in any wise called to the fact that the appeal was taken after the prescribed time, of its own motion to dismiss it.

We do not consider Lea v. Thompson, 28 Ala. 453, as an authority opposed to our conclusion. That decision was made in reference to the securities provided for the benefit of the appellee, which he, of course, may waive.

The appeal is dismissed, at the costs of the appellant.