## TEAT et als. *vs.* COCKE.

[PARTIES—PRACTICE.]

1. *"Act to regulate judicial proceedings"; construction of.*—Under the act of February 20th, 1866, "to regulate judicial proceedings," it is error to render final judgment before the third term, after each and all of the defendants against whom judgment is taken, have been served with process.

APPEAL from the Circuit Court of Macon County. Tried before the Hon. ROBERT DOUGHERTY.

THIS was an action brought by N. W. Cocke, on a promissory note, signed by four persons, J. S. Caldwell, H. M. Caldwell, C. T. Segrist, and W. F. Teat. The summons and complaint were, in the first instance, issued against the three first named persons only. It was returned "executed" on these defendants, to the spring term, 1862, of Macon circuit court. At the fall term, 1866, of said court, the plaintiff asked, and obtained leave to amend his complaint by adding the name of W. F. Teat as a defendant, the cause having been regularly continued up to that time. A branch summons was accordingly issued to Butler county, where Teat resided, and was executed on him, and returned to the spring term, 1867. At that term, the suit was abated as to Segrist, who had departed this life, and a judgment *nil dicit*, on motion of the plaintiff, was entered against the other defendants, including Teat.

The rendering of final judgment, under these circumstances, against the defendants, is assigned for error.

STONE, CLOPTON & CLANTON, for appellants.
W. C. McIVER, *contra.*

JUDGE, J.—If the court below had not the power, under the circumstances, to allow the amendment to make Teat a party defendant, by the issue of a branch summons—

a question not necessary to be here decided—still, a judgment by *nil dicit* having been suffered without objection to the amendment, the action of the court in allowing it, cannot be reviewed on error.—*Stewart v. Goode & Ulrick*, 29 Ala. 476. Such a judgment is an admission that the defendant has been properly brought into court.—*Emanuel v. Ketchum*, 21 Ala. 257.

Under the act of February 20th, 1866, to regulate judicial proceedings, the first term of the court after the commencement of the action, in suits like the present, is the return term, the second an appearance and pleading term, and the third or next term thereafter, the trial term. The action was commenced as against Teat, on the 12th of October, 1866, and the spring term 1867, was the return term, as to him, at which term the court rendered judgment. This action of the court was erroneous. By making Teat a party, the appellee imposed upon himself, by his own election, the necessity of delaying his cause until the regular trial term, as to Teat, should arrive. The analagous case of *Griffin et al. v. Wilson*, 19 Ala. 27, is decisive of this question. See, also, *Dupree & Hampton v. Smith*, 3 Ala. 736.

The error of the court above pointed out, is no mere formal defect, which might have been remedied by an amendment in the court below.—Shep. Dig. 664, § 20. It is a radical error which was not cured or waived by the appearance of Teat, nor by the judgment by *nil dicit. Emanuel v. Ketchum, supra.*

Judgment reversed and cause remanded.