# Alabama Coal and Navigation Company *v.* The State, *ex rel.*

### *Information to vacate Charter of Corporation.*

1. *Appeal ; when must be taken from judgment of dissolution of corporation.*—The provisions of the Revised Code with reference to vacating charters of corporations (chap. 5, title 2, part 3), fixing ten days as the period within which appeals may be taken from judgments of forfeiture against corporations, bar an appeal, if not sued out within that time. Sections 3485, 3508, forming a part of chap. 1, title 5, part 3, of the Revised Code, giving an appeal from any final judgment of the circuit court, &c., within two years, apply only to cases as to which a different time is not prescribed, and to the class of appeals provided for in that chapter.

2. *Same.*—The day on which the judgment was rendered is the time from which the ten days must be computed; and the rule is not different, because the judgment of dissolution was amended in particulars not changing its character, after its rendition.

APPEAL from Circuit Court of Tuskaloosa.

Tried before Hon. W. S. MUDD.

An information in the name of the State, on the relation of A. S. Hamilton, was filed against "The Alabama Coal & Navigation Company" (a corporation formed under "An act to amend the corporation laws of Alabama," approved August 12th, 1868, to improve that portion of the Warrior river at and above Tuskaloosa, &c.), praying that its charter be annulled, and judgment of dissolution be pronounced against it, upon various grounds set forth in the information; the chief of which was that the defendant had not expended, in the prosecution of the work, the amount of capital stock

[Alabama Coal and Navigation Co. v. The State, ex rel.]

required to be expended at certain periods, by the act above recited, and the "Act for the relief of the Alabama Coal & Navigation Company," approved March 25th, 1873. There was a jury trial, and it was agreed by the parties that the jury, if they found for the plaintiff, should render a special verdict, as to the amounts expended, &c. The jury brought in a special verdict, finding for the plaintiff, on facts set forth in the verdict, and upon this verdict judgment of forfeiture and dissolution was rendered, on the 5th day of November, 1875. At a subsequent day of the term, the appellant moved "to correct the judgment," so as to strike out the following words therein, to-wit: "Under section 6 of 'An act to amend the corporation laws of Alabama, approved August 12th, 1868, and under 'An act for the relief of the Alabama Coal and Navigation Company,' approved March 25th, 1873, the said acts mentioned in said complaint." The court, in an entry reciting the motion, ordered that it be granted, and that the judgment "be corrected and amended, by striking out the words aforesaid, alleged and shown to have been added to the verdict, and not a part of it, when the verdict was rendered."

The verdict of the jury is not stated otherwise than by recitals in the judgment entry, and the judgment entry set out in the transcript, is the corrected judgment; so that it cannot be determined, in what part of the judgment, as originally entered, these words occurred. The date of the entry allowing the correction is not stated; but there is written opposite it (apparently in the hand-writing of one of the counsel) the words, "20th of November, as per agreement." This agreement, however, is not attached to the transcript. On the 20th day of November, 1875, the appellant gave security for costs, and sued out an appeal returnable to the next term of the Supreme Court.

The appellee now moves to dismiss the appeal.

H. A. HERBERT and H. M. SOMMERVILLE, for motion.—Section 3485 of the Revised Code applies only to cases in which the time of taking appeals is "*not otherwise directed by law.*" Here the law does direct the time within which the appeal may be taken. The statute is one of the "rules and regulations prescribed by law," under which this court is given jurisdiction of appeals in cases of this kind. The right to hear the appeal is gone, if the appeal is not taken in the time prescribed. The correction did not change the legal effect of the judgment; besides, it relates back to the original entry of the judgment.

WATTS & SON, *contra.*—The statute says an appeal "*may*

be taken in ten days." It does not attempt to prescribe the time in which an appeal will be *barred.* Ordinarily, an appeal does not lie until the adjournment of the court, for, until then, it cannot be known that the judgment will not be set aside. Being, until then, under the control of the court, it is not strictly a "final judgment," in the sense used in the statute allowing appeals.—See 6 Ala. 143. Whenever our statutes undertake to limit appeals, they use language which is *imperative.* Section 3098 provides that appeal "*may* be taken in ten days;" section 3485 provides that appeals from final decrees *must* be taken in two years. The real judgment in this case, from which the appeal is taken, is the amended judgment, rendered the day the appeal was taken. After adjournment, an amendment *nunc pro tunc* must relate back to the day of rendition of judgment, because the court has no power to render any other; but where a corrected judgment is rendered during the term, there is no need for the fiction of relation, which is not allowed where injustice would be worked. If an appeal had been taken from the original judgment, would it be held that it was an appeal from the corrected judgment?

STONE, J.—In chapter 1, title 5, part 3, of the Revised Code, are the following provisions:

Section 3485: From any final judgment or decree of the chancery, circuit or probate courts, except in such cases as are otherwise directed by law, an appeal lies to the Supreme Court, for the examination thereof, as matter of right," &c. Section 3508: "Appeals under this title, except in such cases as a different time is prescribed, must be taken within two years from the rendition of the judgment or decree," &c.

It will be observed that the class of appeals provided for in the sections copied above, does not embrace cases for which other provision is made by law, and that the limitation of two years is confined to appeals under title 5, *supra,* and to cases in which a different time is not prescribed.

The proceedings from which the present appeal is prosecuted, were instituted under chapter 5, title 2, part 3, Revised Code. In that chapter is the following section:

§ 3098. "The informant or defendant may appeal to the Supreme Court within ten days after judgment, on application to the clerk, and giving security for the costs of the appeal," &c.

We think it too clear to admit of argument that this case does not come within the provisions of sections 3485 and 3508 of the Revised Code. It does not fall within the provisions of title 5, and a different time *is prescribed* within which

to take the appeal. We hold that in this case the appeal was barred, unless taken within ten days, under section 3098 of the Revised Code.

We cannot assent to the argument that the adjournment of the court defines the time from which the ten days begin to run, within which the appeal must be taken. "Within ten days after judgment," is the language of the statute. This language is explicit. If the legislature had intended that the ten days should commence running at the adjournment of the court, nothing was easier, or more natural, than that they should have said so. They employed other language, and we must conform to their declared will. Under our system, a term of the court is not regarded as one day. Each day has its separate duties; and this court will consult the record, that it may determine whether action in the primary court was premature.—See 1 Brick. Dig. 777, §§ 44, 45; *Teat v. Cocke,* 42 Ala. 336; *Ex-parte Pollard,* 40 Ala. 77.

Formerly, there were statutes of force in this State which were construed as giving to judgments a lien on lands of the defendant from their date. In the rulings under those statutes, the term was not considered as one day, but the precise day of the term on which the judgment was rendered, was declared to be the time when the lien of the judgment attached.—See *Pope v. Brandon,* 2 Stew. 408; *Morris v. Ellis,* 3 Ala. 562; *Campbell v. Spence,* 4 Ala. 548; *Mansony v. U. S. Bank,* Id. 749; *Quinn v. Wiswall,* 7 Ala. 649; *Bliss v. Watkins,* 16 Ala. 231; *Pearson v. Darrington,* 21 Ala. 174; *Holtzclaw v. Ware,* 34 Ala. 307.

The day on which the judgment was rendered, and not the day on which the judgment entry of the clerk was corrected, is the time from which the ten days must be computed.—See *Pearson v. Darrington, supra; Moore v. Howe,* 5 Ala. 234; *Cunningham v. Fontaine,* 25 Ala. 644; *Dow v. Whitman,* 36 Ala. 604; *Ware v. Brewer,* 34 Ala. 114.

Appeal dismissed.