EVANS VS BRIDGES.

*As to the caption of a declaration.*
*As to judgments too large.*
*As to actions upon Bills of Exchange.*

1. It is not necessary, that a declaration should be entitled of any particular term; or whether it have a caption, or what that caption be—so it discloses a good cause of action.

2. That a declaration is entitled of a term, subsequent to that at which judgment is rendered, is no error—provided it appears that the declaration was in Court before judgment.

3. A judgment, on verdict, for an amount greater than is authorised by the cause of action sued on, can not be reached in error.

4. Such matter, it seems, can only be taken advantage of, by application for a new trial.

5. It is not essential, to fix the liability of the drawer or indorsers of a bill of exchange, that it should be presented for acceptance.

6. But, where a bill of Exchange is presented for acceptance, which is refused, and notice given to the parties, it is not essential to present the bill for payment at maturity.

7. The right of action of a holder of a bill of exchange, becomes complete, upon its non-acceptance, protest and notice.

On a writ of error to the Circuit Court of Wilcox.

The action in this case was upon a bill of exchange, by the indorsee, against the drawer. The bill was made negotiable and payable, at the Branch of the Bank of the State of Alabama at Mobile, for the sum of five hundred and ninety-five dollars, and was due at ninety days from its date, which was the seventeenth day of December, eighteen hundred and

thirty-three. The suit was commenced on the eighth day of August, eighteen hundred and thirty-four, and the declaration averred a protest, for non-acceptance, on the twenty-sixth day of December, eighteen hundred and thirty-three.

The defendant demurred, which being overruled, judgment upon verdict was rendered for the plaintiff, for the sum of seven hundred and thirty-three dollars and seventy-four cents.

The decision of the Court, in overruling the demurrer, was here assigned in error.

*Porter* and *Stewart*, for the plaintiff in error.
*J. B. Clarke*, contra.

COLLIER, J.—Three points have been raised, by the plaintiff in this case.

1st. That the declaration, being entitled of a term subsequent to the rendition of judgment by the Circuit Court, there was no warrant for the judgment.

2d. That the verdict and judgment are for a sum, larger than the cause of action, disclosed in the record, authorised.

3d. That, though a bill of exchange be protested for non-acceptance, and notice thereof given to the drawer, yet the holder is not authorised to maintain an action, unless payment of the bill is demanded at maturity, and notice of non-payment duly given.

From the record, it appears that the plaintiff, on the seventeenth of December, eighteen hundred and thirty-three, drew on Mr. George M. Rives, at Mobile, in favor of the defendant, at ninety days' date, for five hundred and ninety dollars; which bill was pro-

tested, for non-acceptance, on the twenty-sixth of the same month, and notice thereof duly given to the drawer.

At the term of the Circuit Court of Wilcox County, holden in May, eighteen hundred and thirty-five, a judgment was rendered on verdict, for seven hundred and thirty-three dollars and seventy-four cents; a demurrer to the declaration having been first overruled.

1. The first point we think untenable.—It is not essential to a declaration, that it should be entitled of any particular term; and no matter what be its caption, or whether it have any,—if it discloses a good cause of action, it well subserves its appropriate office. It is certainly proper, that the declaration should be in Court before judgment, to authorise its rendition; and where the reverse appears, the judgment should be reversed. The entry of the judgment, in this case, sufficiently advises us, that the declaration was regularly filed, in reciting, that, *the parties came, by their attornies, and the demurrer to the declaration, having been argued, &c. was overruled.*

2. In respect to the second point, it has been determined by this Court, that, where a judgment following a verdict, is rendered for a sum larger than is warranted by the liability sued on, it cannot be reversed on error. The remedy of the party aggrieved, in such case, is an application for new trial.— See *Moore vs Coolidge.**

*1 Porter, 280.    3. The undertaking of the parties, drawing and endorsing a bill of exchange, (such as the one before us,) when it is thrown into circulation, is, that the drawee shall both accept and pay it. This engage-

ment of the drawer and endorsers, does not oblige the holder to present it for acceptance. If, however, he does present it, and acceptance is refused, it is considered as dishonored, and due notice must be given to all prior parties whom it is desired to charge.[*] *3 Kent's Com. 54. *Bank of Washington vs. Triplett, et al.*[†]—*Townsley vs. Sumrall.*[‡] An acceptance being once refused, the holder need not present the bill for payment at the time appointed on its face for its maturity: the liability of the parties is already fixed by the non-acceptance and notice.—*Miller vs. Hackley.*[§] Nor need the holder wait until the time for payment expires; his right of action is complete by the non-acceptance, protest, and notice.— *Wallace vs. Agry*[‖]— *Winthrop vs. Pepoon*[¶]—*Milford vs. Mayor*[**]—*Ballingalls vs. Gloster.*[††]

[†]1 Pet. 25.
[‡]2 ib. 178.
[§]5 JohnsR. 375.
[‖]4 Mason, 336.
[¶]1 Bay, 468
[**]Doug. 55
[††]3 East. R 481; 3 Kent Com. 64.

These rules, it may be remarked, do not grow out of the Common Law, strictly so called, but result from commercial law—to which, as securities for money, bills of exchange owe their origin; and to the control of which, they are peculiarly subject.

By the contract arising out of the acceptance of a bill, the acceptor stipulates unconditionally to pay the bill at its maturity. By the act of drawing and endorsing, the drawer and endorsers stipulate, *first*, that the drawee shall accept the bill on presentment; *secondly*, that he shall pay it at maturity: and if he does not, and they receive due notice thereof, that they will make good his default. Such being the character of the undertaking, it follows, that if the holder choose to avail himself of the *first stipulation*, he may have his action for a breach.

Judgment must be affirmed.