RANDOLPH *VS.* PARISH.

1. Where the drawer of a bill of exchange suffers judgment by default, there is no necessity for submitting the case to a jury to assess damages.

2. The judgment is an admission, that the steps necessary to fix his liability, have all been taken, and that he is chargable for the amount of the bill.

3. The holder of a bill of exchange, drawn and accepted by the same person, may treat the bill as a promissory note, and thus bring an action on it.

4. It is not necessary to constitute a bill, that there be three distinct parties; a party may draw on himself, payable to his own order, and such a paper, when negotiated, will be a bill, in the hands of an indorsee.

5. Where a party draws a bill on himself, payable at the same place, he is liable for damages, if the bill be dishonored.

Error to Tuscaloosa Circuit court.

Assumpsit on a bill of exchange,—tried before *Chapman*, J.

The defendant in error declared against the plaintiff, in the Circuit court of Tuscaloosa, as the *drawer* of a bill of exchange, of which he was also the *drawee and acceptor*. Judgment final was rendered by default, and the plaintiff having brought the chase here by writ of error, assigned—

1. That the judgment was rendered without the intervention of a jury to assess the damages.

2. That the judgment is for the recovery of a sum of money, larger than the record shows the plaintiff to be liable for.

Randolph *vs.* Parish.

*Porter*, for the plaintiff in error.
*Phelan*, contra.

*Phelan*, for the defendant in error, contended that

1. Our statute manifestly authorised this proceeding—(Aik. Dig. 269, s. 62.)

2. It was, so far as he was informed, the established practice; and even if we had no statute on the subject, the rule which had been established, and the practice which obtained in the English courts, in similar cases, would justify and sustain the practice here. For the nature and extent of the rule and practice in the King's Bench and Common Pleas, see Chitty on Bills, 381 to 384.

The note of the American Editor, (p. 383,) says this is the settled practice in the courts of the United States, in all cases where the sum is certain, or may be made certain by computation.

On this subject, see further, 4 Petersdorff, 530, 531, laying down the rule, "that after judgment by default in or on a *bill* in K. B. or C. P., or on a *note*, the courts would refer it to the master or prothonotary, to ascertain what was due for principal, interest, damages and costs."

Upon calculation, the court would find the judgment was for too little, rather than too much.

COLLIER, C. J.—1. In regard to the first question—in the case of Malone & Co. vs. Hathaway, (3 Stew. R. 29,) it was decided, that where the indorser of a promissory note suffered a judgment by default, there was no necessity for submitting the case to a jury to assess damages.

That the judgment was an admission, that the steps necessary to fix his liability, had all been taken, and that he was chargable for the amount of the note.    The practice, as settled by the case cited, is coeval with the statute on which it is founded, and, we think, fully authorised by it.

· 2. It was competent for the defendant, had he thought proper, to have treated the bill as a promissory note (in legal operation,) against the plaintiff, and thus to have sued it—(Roach vs. Ostler, 1 Man. & Ry. 120; Chitty on Bills, 8 Amer. (from 8 Eng. Ed.) 28 )   Yet, he was not obliged thus to consider it; for it has been long settled, that it is not necessary to constitute a bill, that there should be three distinct parties.    There are sometimes only two, as, where a party draws on another, payable to his own order,—and it has been said, that a party may draw on himself, payable to his own order,—and such a paper, when negotiated, will be a bill, in the hands of an indorsee—(8 Chitty on Bills, 28—and cases there cited.)   Among commercial men, it is not unusual for them to be concerned in mercantile establishments, at different places, at the same time, and for the house at one place, to draw on the house at the other, and if a bill drawn under such circumstances is dishonored, it never has been questioned but the drawers were liable to damages, and we think cannot be, upon any just principles of reasoning or analogy. . Now, if a drawer is chargable with damages, who draws his bill on himself, payable at some other place than that in which it is negotiated, we cannot conceive why a different rule should be adopted, where it is payable at the same place.    In our opinion,

the law furnishes no warrant for the distinction : in both instances, the holder of the bill may treat him as a drawer.

We have looked into the judgment, with the view to ascertain whether it exceeds the amount of the bill, damages and interest, and find that it actually falls short of the aggregate of these several items.    There is, then, no error in the record—and the judgment is affirmed.