HENDERSON v. HOWARD, COPELAND & CO.

1. *Semble*—That where a note is payable on demand, a personal demand of the maker is not necessary to entitle the holder to sue.

2. Where the declaration sets out a legal liability, and avers a subsequent promise to pay "on request," such an averment will be regarded as a mere consequence of the cause of action disclosed, and the declaration will be good, though it is not alledged that a *request* was made.

3. Where an action is founded upon a bill of exchange, the bill and the protest are not necessary parts of the record, but can only become such by bill of exceptions.

4. In an action against the drawer or an endorser of a bill of exchange, a final judgment may be rendered by default against the defendant.

THE defendants in error declared against the plaintiff in the County Court of Talladega, as the second endorser of a bill of exchange.

The declaration describes a bill of exchange drawn by John G. Eve, at Talladega, on the 7th January, 1839, for the sum of two thousand six hundred and fifty dollars, on Messrs. O'-Neil, Michaux & Thomas, at Mobile, and payable twelve months after date. And alledges that the same was presented to the drawers in the city of Mobile, on the 28th January, 1839, for acceptance; that acceptance was refused; and the bill then and there duly protested for non-acceptance. The declaration then avers, that the defendant below had due notice of the protest for non-acceptance, and promised to pay the plaintiffs the bill on request; and then concludes with an averment of non-payment to their damage, &c.

The judgment recites, that the bill and protest for non-payment, were produced to the Court, and is rendered by default for the amount of the bill, with ten *per cent.* damages and costs.

A writ of error has been prosecuted by the defendant below, to revise the judgment of the County Court; and it is here assigned for error—1. The declaration avers a promise to pay " on request," but alledges no subsequent request. 2. The record does not set out the bill of exchange, or a protest for non-

Henderson v. Howard, Copeland & Co.

acceptance, or non-payment. 3. The judgment was rendered by default, without the intervention of a jury, for the amount of the bill and *damages*.

CHILTON & MOORE for the plaintiff in error.

WM. B. MARTIN for the defendant.

COLLIER, C. J.—1. The objection to the declaration is not well taken. Where a note is payable on demand, to entitle the holder to an action, no personal demand of the maker is necessary, but the institution of the suit is perfectly regular without it. But in the present case, a right of action accrued immediately upon the protest of the bill for non-acceptance; and the averment of a subsequent promise to 'pay "on request," is an inference from the legal liability of the defendant, and cannot, though no request is made, prejudice the right of recovery. This averment, in another point of view, is entirely harmless, for it may be stricken out, and the declaration would be substantially good.

2. In respect to the second assignment, it is enough to say, that the bill and protest need not appear of record, in order to sustain the judgment; and could only have been placed there by bill of exceptions.

3. In Malone & Co. vs. Hathaway, 3 Stewart's Rep. 29, it was held, that in an action against the endorser of a promissory note, under the statute of 1812, which imposed upon the holder the necessity of proving a demand and notice, judgment by default final might be rendered, without the intervention of a jury. And in Randolph vs. Parish, 9 Porter 76, it was decided, that where the drawer of a bill of exchange suffers judgment by default, there is no necessity for submitting the case to a jury to assess damages. The default admits that the steps necessary to fix his liability had all been taken, and that he was chargeable for the amount of the bill and damages recoverable upon it. These cases are decisive of the last error assigned; and the consequence is, that the judgment must be affirmed.