## WELLBORN v. SHEPPARD.

1. A judgment by default, where no declaration has been filed, is irregular and cannot be supported.
2. A writing acknowledging the receipt of money of the plaintiff, and promising to account for the same on final settlement with him, is not such a writing within the statute, as authorises a judgment final by default.

WRIT of error to the Circuit Court of Barbour.

This was an action of *Assumpsit*, by the defendant in error, against the plaintiff, upon a writing as follows: " Received, Feb. 19th 1839, three hundred and twenty-five dollars 20-100, belonging to Edmund Sheppard, and for which I agree to account on a final settlement with him.

WM. WELLBORN.

A judgment final was rendered by default without a declaration, and it is now assigned for error. 1. That there is no declaration. 2. That the judgment was rendered without the intervention of a jury.

M. W. LINDSAY, for the plaintiff in error.
No counsel appeared for the defendant.

COLLIER, C. J.—1. It has been repeatedly decided by this court, that a judgment by default, where no declaration has been filed, will not be sustained. This error is decisive of the case, but as it must be remanded, it is proper to express an opinion upon the second point raised.

2. The writing is not an absolute promise to pay the sum expressed on its face; but it is an acknowledgment that so much money was received, and a promise by the defendant to account to the plaintiff for it, on settlement. This implies that the parties had some transactions with each other, which were unsettled, and that when their dealings, accounts or demands were adjusted, or the balance ascertained, the money received by the defendant would be accounted for. No action could be brought on the paper, until the defendant was put in default, by refusing, *on demand,* to account, or by refusing to pay over to the plaintiff such balance as might be found due him on settlement. This being in our opinion, the proper interpretation of the writing, it is clear that it does not ascertain " the plaintiff's demand or sum sued for" within the provisions of the act of 1812, and consequently no judgment could be rendered for its amount and interest, without the intervention of a jury.

The judgment is reversed, and the cause remanded.