## CLEAVER v. PATTERSON.

1. A note of the following tenor—"Received of R. B. P., six hundred and fourteen dollars ninety cents, which I am to account for.  4th December,

1843. Signed, William Cleaver,"—indicates an absolute indebtedness, on which a suit may be instituted, without a previous demand.

Error to the Circuit Court of Clarke.   Before the Hon. J. Bragg.

R. C. TORREY for the plaintiff in error.

A. B. COOPER and F. S. BLOUNT for the defendant in error.

COLLIER, C. J.—The defendant in error declared upon a writing of the following tenor, viz :   "$614 90.   Received of Ro. B. Patterson, six hundred and fourteen 90-100 dollars, which I am to account for.   4th December, 1843.   William Cleaver."   And the only questions raised by the demurrer to the first count, and the ruling of the circuit court, as shown by the bill of exceptions, are, whether this writing indicates an absolute indebtedness by the maker, on which a suit may be instituted without a previous demand.

It is insisted for the plaintiff in error, that Wellborn v. Sheppard, 5 Ala. Rep. 674, is decisive as to the character of the paper in question, and shows that the plaintiff is not entitled to recover.   In that case, the writing declared on was an acknowledgment of the receipt of a definite sum of money by the defendant, for which he promised "to account, on account, on a final settlement with the plaintiff."   We held, that it implied the parties had transactions with each other, which were unsettled, and that when their dealings, accounts or demands were adjusted, or the balance ascertained, the money received .by the defendant would be accounted for ; and that no action could be brought on the paper, until the defendant was put in default, by refusing on demand, to account, or by refusing to pay over to the plaintiff such balance as might be found due him on settlement.

The case at bar is unlike that cited.   Here the writing acknowledges the receipt of money, and stipulates to account for it, without reference to the time or contingency—there the undertaking to account was, when the parties had a final settlement ; that is, upon the consummation of an event ex-

pressly provided for. The legal interpretation of such a contract as that before us, is, to impose a present obligation, for the enforcement of which an action would lie, without any previous act being done by the party in whose favor the duty is created.

The promise to account, is not a mere engagement to state upon paper the amount expressed in the writing, or the balance of the mutual dealings of the parties; but it is something more effectual; it is an undertaking to pay the sum stated, subject of course to such payments, discounts or sets off, as the defendant may legally avail himself. It is not however allowable upon principles of reason or analogy for the defendant to resist a recovery, because he was not called on to account or pay the money before suit brought; he may reduce his *prima facie* liability, by proof on the trial. He cannot occupy a position more favorable than the maker of a note payable on demand, and the law is well settled, that in such case an action may be brought without a request to pay. Henderson v. Howard, Copeland & Co. 2 Ala. 342; Montgomery v. Elliott, 6 Ala. 701.

To what class of securities the writing in question belongs, it is not material to inquire; for we have a statute which declares that any writing on which an action is founded, is evidence of the debt or duty for which it was given, and its execution shall only be denied by plea supported by affidavit. Clay's Dig. 340, § 152; Miller & Cobb v. McIntyre, 9 Ala. Rep. 638. We have sufficiently shown its legal interpretation; the consequence is, that the ruling of the circuit court is conformable to law, and its judgment is affirmed.