## TUNSTALL v. DONALD & MARSHALL.

1. When the judgment entry recites, that the parties appeared, and the defendant said nothing in bar, &c. and a declaration is found in the record, setting forth a substantial cause of action, it will be deemed sufficient, though in the caption, the declaration is entitled, as of a term, subsequent to the judgment, which it will be intended is a clerical misprision.

Error to the Circuit Court of Baldwin. The record does not show before whom tried.

THE facts appear in the opinion of the court. The error assigned is, that judgment was rendered against plaintiff in error, in an action on two promissory notes, in favor of defendant, without declaration being filed.

JEWETT, for plaintiff in error.

1. A judgment by default, was rendered against the defendant below, at the spring term of the circuit court, 1848. The declaration in the case was filed as of the fall term following. This is a fatal error. Wheeler v. Bullard, 6 Port. 352; Napper v. Noland, 9 Porter, 218; ib. 511; Evans v. Bridges, 4 Por. 348; Wellborn v. Sheppard, 5 Ala. 674.

2. The declaration should be entitled as of the term when the writ is made returnable. This is material, and frequently determines the defendant's right to plead. Smith v. Muller, 3 Term R. 624; 1 East, 133.

3. We ascertain from the record, when the declaration was filed; and when this shows the declaration to have been filed subsequent to the judgment, this court will reverse. Evans v. Bridges, 4 Por. 348.

PERCY WALKER, contra.

CHILTON, J.—Judgment was rendered in this case by *nil dicit*, at the spring term, 1848, and the declaration contained in the record is entitled of the fall term, 1848, and the error assigned is, that the judgment was rendered without a declaration. It is certainly true, that a judgment by default,

where no declaration has been filed, is erroneous. Wellborn v. Sheppard, 5 Ala. Rep. 674; but the case before us is not in that category. Here, the parties appear, and the defendant says nothing in bar of the action, but it remains undefended. A declaration, setting forth a substantial cause of action, is in the record, and there is nothing in the record to advise us that it was not on file when the judgment was rendered, unless we must intend this fact from the caption, which entitles it of a subsequent term.

In Evans v. Bridges, 4 Por. Rep. 348, it was held, that it was not essential to a declaration, that it should be entitled of any particular term, and no matter what be its caption, or whether it have any—if it discloses a good cause of action, it will subserve its appropriate office.

It is the well settled rule, that no intendment is to be made adverse to the regularity of the proceedings in the primary court, and that error must be made affirmatively to appear, by the party who seeks the reversal. On the other hand, every reasonable intendment is to be made in favor of the judgment, so that, applying these rules to the case before us, it is very clear we must intend the title of the declaration is a clerical misprision; at all events, we are not permitted to look to the caption of the declaration which is on file, to reverse the cause, when such caption, at most, is but surplusage. It is more reasonable to presume, that a clerical mistake has intervened in the caption of the declaration, than that the court would have rendered a judgment without a declaration, and that one was improperly filed at a subsequent term.

This case is unlike the cases cited, of Wheeler v. Bullard, 6 Por. 352, and Wellborn v. Sheppard, 5 Ala. Rep. 674. In neither of those cases, was there a declaration on file. In this, the declaration is part of the record, and we must presume was on file when the judgment was rendered, as it does not appear to the contrary. Judgment affirmed.