## McMILLAN vs. HURT.

[SUMMARY PROCEEDING AGAINST STATUTORY SEPARATE ESTATE OF FEME COVERT.]

1. *Sufficiency of suit against husband, and of notice.*—To sustain a summary proceeding, by notice and motion, against the wife's statutory separate estate, (Code, § 1988,) after a judgment has been obtained against the husband alone, and an execution thereon been returned "no property found," it is not necessary that, in the suit against the husband, the demand should have been described as one for which the wife's separate estate is liable; nor is it necessary that the husband should have notice of the motion.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. NAT. COOK.

THIS proceeding was instituted by the appellee, who, on the 8th September, 1858, by his attorneys, had a notice issued and served on the appellant, in the following words: "To Mrs. Elizabeth McMillan, the wife of Thomas McMillan: Take notice, that at the next term of the circuit court of Wilcox county, I will suggest to said court that, at the fall term of said court, 1855, I recovered a judgment against your husband, Thomas N. McMillan, alone, for the sum of $330 19,in a suit brought by H. H. Hurt against him, upon contracts for divers goods, wares and merchandise, which consisted of articles of comfort and support of his and your household, suitable to the degree and condition in life of his and your

43

family, and for which he would be responsible at common law,—which contracts were made in the years 1852, 1853, and 1854, while you were his wife; and that an execution has issued upon said judgment, and has been returned 'not satisfied', or 'no property'; and that at the time of making such contracts, you were the owner, and in possession of the following property, to-wit, a negro woman by the name of Susan, and Julia, which was your separate estate, secured to, and held by you, under the provisions of the act of the legislature of Alabama, approved March 1, 1848, 'securing to married women their separate estates',—which property you still own and hold as aforesaid; and that I will move said court for an order for the sale of said property, or so much thereof as may be necessary for the satisfaction of said judgment, or so much as was rendered upon the contracts aforesaid."

The defendant demurred to the notice, on the following specified grounds: "1st, that it does set forth such a judgment against Thomas N. McMillan as will authorize a motion against this defendant, or a judgment on motion for the condemnation of her separate estate to satisfy the same; and, 2d, that said Thomas N. McMillan is not made a party to this motion." The court overruled the demurrer, and, the cause being submitted to its decision, without the intervention of a jury, on an agreed statement of facts, rendered the following judgment: "Came the parties," &c., "and it appearing to the satisfaction of the court, on proof duly made, that the plaintiff brought suit against Thomas N. McMillan, the husband of the defendant, alone, to the fall term, 1855, upon a contract for articles of comfort and support of the household of said Thomas N. and defendant, suitable to the degree and condition in life of their family, and for which the said Thomas N. would be responsible at common law; and that a judgment was rendered in said cause, at said term, against the defendant therein, upon said contract, for the sum of $275, upon which an execution was regularly issued, and returned 'not satisfied'; and that said judgment is unpaid; and that said defendant is the wife of said Thomas N. McMillan; and that she did, at the time

of making said contract, own and possess a separate estate, consisting partly of two slaves, Susan and Julia by name, held by and secured to her by virtue of an act of the legislature of this State, approved March 1, 1848, entitled 'An act securing to married women their separate estates', which slaves she still owns as aforesaid,— it is therefore ordered by the court, that said slaves, Susan and Julia, or so much thereof as may be necessary to pay the said sum of $275, with interest thereon, be sold for the payment of said sum of $275, with interest thereon from the fall term of said court, 1855, and the costs of this motion ; and that an order issue to the sheriff, requiring him to sell said property pursuant to the terms of this order."

The overruling of the demurrer to the notice, and the judgment rendered, are now assigned as error.

BYRD & MORGAN, for appellant.

D. W. BAINE, contra.

STONE, J.—The only question argued in this case, arises on the construction of sections 1987 and 1988 of the Code. A suit, in the usual form, was prosecuted, and a judgment recovered, against appellant's husband,—he being sued alone. Execution on that judgment being returned " not satisfied," a notice was issued to Mrs. McMillan, under section 1988 of the Code, as the owner of a separate estate under the act of 1848. It alleged, that her separate estate was liable for " articles of comfort and support of the household ", &c., embraced in the recovery against her husband. It is here urged, that no recovery can be had against the estate of Mrs. McMillan, because, in the suit against her husband, the demand is not described as one for which her separate estate is liable under section 1987. The suit against the husband, as we have said, was in the usual form, and gave no notice that any attempt would be made to subject Mrs. McMillan's separate estate to its payment.

We think the ruling of the circuit court on this question was free from error. There is nothing in the statute

which, in the suit against the husband alone, requires the averment, that the contract on which suit is brought, was "for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law." Nor can we conceive of any good result which such averment would accomplish. The existence or non-existence of these facts does not necessarily enter into the husband's liability; and the ascertainment of their existence, in a suit against the husband alone, would furnish no evidence of their truth, in the trial of a motion against the wife's separate estate. Nor can it be necessary to enlarge the statute by construction, and require that the husband shall have notice of the motion.

Judgment affirmed.