Peckham, J.
 

 The defendant in this suit is a lawyer. The plaintiff some years since brought an action against the defendant in the Marine Court, in the city of Hew York. The defendant recovered a verdict in that suit of eighty-six dollars against the plaintiff. Without taking the case to the General Term of that court, the plaintiff carried it for review to the Court of Common Pleas of that city, and after argument there that court reversed the judgment with costs. The defendant paid these costs voluntarily without the entry of any judgment. Within a year thereafter the Court of Appeals decided, that the Court of Common Pleas had no jurisdiction of a case from the Marine Court, until it had been first heard and decided by the General Term of that court. The Common Pleas had previously held the other way, viz., that it had jurisdiction in such case. Some nine years after this reversal
 
 *59
 
 in the Common Pleas the defendant issued an execution in the Marine Court, and then the plaintiff instituted this suit in equity to stay his proceedings, and a judgment is obtained for a perpetual stay on the ground that the judgment in the Marine Court was erroneous, and that both parties in the review in the Common Pleas had acted under a mutual mistake of law.
 

 This presents the question, can a court of equity grant relief in a case of this character upon the sole ground of a mistake of law ? There is no circumstance of any description that adds anything to this ground of relief.
 
 Ignorantia legis nerrdnem exousat
 
 and kindred maxims are old in the law. If they are true, this judgment is erroneous.
 

 In early times the jurisdiction of the Court of Chancery in the hands of chancellors unskilled in the law, was almost without limit; but for very many years that court has been guided by rules and precedents, by the science of the law as much as courts of common-law. Their jurisdiction and modes of relief are well settled. The statutes and laws of the land are as much the law there as in any other court. (1 Story’s Eq., § 19; id., §§ 17 and 18.)
 

 The whole basis for this relief is founded upon the fact, that an inferior court made an erroneous decision upon a question of law; that the plaintiff was misled thereby and suffered this loss. This is the best position the plaintiff can take. This must be the “ surprise ” sometimes spoken of in the books. (Jerem. Eq. Jurisd., p. 366.)
 

 What a flood of litigation would such a rules open ? If this can be regarded as the
 
 “
 
 surprise ” that requires or. justifies equitable relief, how broad is the principle, how extensive its ramifications? Almost every case reversed by this court would form a basis for such “surprise;” especially where courts of last resort reverse or modify their own decisions. How many cases are lost at the trial or upon review by the ignorance of counsel in failing to perceive the point, or in failing to present it properly for review. How easy to get up cases, in the ordinary affairs of life, of a misunder
 
 *60
 
 standing of the law. Thus the same principle would extend to courts of equity for errors committed or assumed to be committed there. Under such a system of jurisprudence it would be difficult to reach the end of a lawsuit.
 

 In this case the statute of this State provided a mode of review of judgments rendered in the Marine Court. The time and the manner were prescribed. . This statute was well known to these parties, or should have been but for their pegligence. Yet the plaintiff, with the. statute before him, passed for the sole purpose of enabling the party aggrieved to review a judgment in the Marine Court, comes to a court of equity for relief against his ignorance of the manner of obtaining such review.
 

 We are referred to no principle or authority to sustain such an action, and I think none can be found.
 

 On this point Chancellor Kent observed: “ A subsequent decision of a higher court in a different case, giving a different exposition of a point of law from the one declared and known when a settlement between parties takes place, cannot have a retrospective effect and overturn such settlement. Every man is to be charged at his peril with a knowledge of the law.”
 
 (Lyon
 
 v.
 
 Richmond,
 
 2 J. C. R., 51,60.)
 

 Though the decree in that case was reversed by the Court of Errors (14 J. R., 501), it was entirely upon other grounds.
 

 In
 
 Storrs
 
 v.
 
 Baker
 
 (6 J. C. R., 166), where ignorance of the law was set up as a ground of defence, the court affirmed the rule that ignorance of the law with a knowledge of the facts was no ground of defence. (See 1 Story’s Eq., § 120, to the same effect.)
 

 Suppose the plaintiff had misunderstood the statute as to the time of appeal, could a court of equity extend the time prescribed by the statute ? Many such cases have occurred, from a misapprehension of the law as to when a judgment is perfected.. Courts of law could grant no relief, and I am not aware that any lawyer has supposed that a court of equity had any more power to extend the statute.
 

 In
 
 Champlin
 
 v.
 
 Laytin
 
 (18 Wend., 407), in the Court of
 
 *61
 
 Errors on appeal from chancery, Bbonson, J., reviewed the authorities in a sound opinion, showing, as he claimed, that there was really no authority against the rule that ignorance of the law simply, was no ground for relief.
 

 The opinion of Paige, senator, the other way, does not seem to me to be well grounded. He was of opinion that the judgment in that case could be affirmed upon other grounds. But the principle laid down by him, denies relief to the plaintiff in this case. He recognized a difference between ignorance of the law and a mistake of the law. Adopting the language of Johnson, J., in
 
 Lawrence
 
 v.
 
 Beaubien
 
 (2 Bailey, 623), who says: ££ The former is passive, and does not presume the reason. The latter presumes to know when it does not, and supplies palpable evidence of its existence.” He would grant relief in the former, not in the latter.
 

 The difficulty of proving the one or the other, seems to constitute all the difference in the cases.
 

 Without any special review of authorities on this question which I have particularly examined, it is enough to say that it is conceded that no case has been found warranting the interference of a court of equity upon facts like these, and no sound principle will authorize it.
 

 The decree must be reversed without costs.
 

 All concur.
 

 Judgment reversed, and judgment for defendant without cost.