# Baker, Lawler & Co. v. Pool.

*Bill in Equity for Injunction of Judgment and Execution.*

1. *Equitable relief against judgment, on ground of error in law.*—An administratrix, appointed here during the late war, having brought an action at law in 1871, to recover personal property belonging to her intestate's estate; which action was defeated, by a plea asserting the invalidity of her letters under the decision of this court, as then organized, in the case of *Bibb & Falkner v. Avery*,

[Baker, Lawler & Co. v. Pool.]

45 Ala. 691; she cannot now, since that and other similar cases have been overruled, obtain equitable relief against such judgment, on the ground of accident, mistake, surprise, or other recognized principle of equity jurisdiction.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 10th December, 1872, by Mrs. Susan J. Pool, against the appellants (a mercantile partnership), the sheriff of the county, and the personal representative of the complainant's deceased husband, R. R. Pool; and sought to enjoin a judgment at law, which the said Baker, Lawler & Co. had recovered against the complainant, on the 5th April, 1872, in a certain action of detinue, instituted against them by her, as the administratrix of her said husband, on the 13th January, 1871. The chancellor overruled a demurrer to the bill for want of equity, and, on final hearing on pleadings and proof, rendered a decree for the complainant, perpetually enjoining the judgment; and his decree is now assigned as error.

WATTS & WATTS, with W. E. & R. H. CLARKE, for appellants.—The bill does not make out a case for equitable relief against the judgment at law. It shows, at most, only a mistake of law. It is well settled, that a court of equity will not grant relief on account of a mistake in the advice of counsel, or an erroneous ruling of a court of law.—*Stetson & Co. v. Goldsmith*, 31 Ala. 649; *Pierce v. Winter Iron Works*, 32 Ala. 68; *Duckworth v. Duckworth*, 35 Ala. 70; *Stubbs v. Leavitt*, 30 Ala. 352; 9 Ala. 120; 11 Ala. 812.

ELMORE & GUNTER, *contra*.—No want of diligence, or other fault, can be imputed to the plaintiff in the action at law. When that action was instituted, under the former decisions of this court, she had an undoubted right to recover; and her action was defeated by a decision pronounced by this court, under its new organization, after the commencement of that action; a decision which overruled the former adjudications of this court, and was contrary to the general opinion entertained by the members of the bar. The stringency of the equitable rule, as to granting relief against judgments at law, is founded on the presumption of the constancy and certainty of the law itself. After repeated decisions by the court of highest resort, citizens may with safety act upon the presumption that the law is settled as announced; and in acting on that presumption, they cannot be charged with any want of diligence.— *Gelpke v. Dubuque*, 1 Wallace, 175; *Havemeyer v. Iowa County*, 3 Wallace, 294; *Thompson v. Lee County*, 3 Wallace, 327; *Dundas v. Bowler*, 3 McLean, 397.

[Baker, Lawler & Co, v. Pool.]

STONE, J.—"It is a well-known maxim, that ignorance of law will not furnish an excuse for any person, either for a breach, or for an omission of duty : *Ignorantia legis neminem excusat* ; and this maxim is equally as much respected in equity as in law. * * The probable ground for the maxim is that suggested by Lord Ellenborough, that otherwise there is no saying to what extent the excuse of ignorance might not be carried. * * * If, upon the mere ground of ignorance of the law, men were admitted to overhaul or extinguish their most solemn contracts, and especially those which have been executed by a complete performance, there would be much embarrassing litigation in all judicial tribunals, and no small danger of injustice, from the nature and difficulty of the proper proofs. * * * Mr. Fonblanque has accordingly laid it down, as a general proposition, that in courts of equity ignorance of the law shall not affect agreements, nor excuse from the legal consequences of particular acts."—1 Story's Equity, § 111.

In *Lyon v. Richmond,* 2 Johns. Ch. 51–60, Chancellor Kent said : "A subsequent decision of a higher court, in a different case, giving a different exposition of a point of law from the one declared and known when a settlement between parties takes place, cannot have a retrospective effect, and overturn such settlement. The courts do not undertake to relieve parties from their acts and deeds fairly done on a full knowledge of facts, though under a mistake of law. * * And, to permit a subsequent judicial decision in any one given case, on a point of law, to open or annul everything that has been done in other cases of like kind, for years before, under a different understanding of the law, would lead to the most mischievous consequences." Chancellor Kent's decree in this cause was reversed in the Court of Errors, by the vote of a bare majority of the court; but it was not on the question discussed above.—See *Lyon v. Tallmadge,* 14 Johns. 501.

In *Jacobs v Morange,* 47 N. Y. 57, a suit had been brought in the Marine Court in the city of New York, and the defendant had recovered a judgment in that court, against the plaintiff, for eighty-six dollars. The plaintiff, without first taking the case to the general term, carried it for review to the Court of Common Pleas of that city, which court reversed the judgment of the Marine Court, with costs. The defendant paid these costs voluntarily, without the entry of any judgment. Within a year thereafter, the Court of Appeals decided, that the Court of Common Pleas had no jurisdiction of a case from the Marine Court, until it had been first heard and decided by the general term of that court.

The Common Pleas had previously held the other way. Nine years after this reversal in the Common Pleas Court, the defendant sued out an execution in the Marine Court; and then the plaintiff instituted proceedings in equity, to stay said proceedings in the Marine Court; and under such proceedings, he obtained a perpetual stay, on the ground that the judgment in the Marine Court was erroneous, and that both parties, in the review in the Common Pleas, had acted under a mutual mistake of law. The case was then carried to the Court of Appeals, and the question was, whether equity could relieve in such case. The court said: "The whole basis for this relief is founded upon the fact, that an inferior court made an erroneous decision upon a question of law; that the plaintiff was misled thereby, and suffered this loss. * * * What a flood of light would such a rule open? If this can be regarded as the 'surprise,' that requires or justifies equitable relief, how broad is the principle, how extensive its ramifications? Almost every case reversed by this court would form a basis for such 'surprise;' especially where courts of last resort reverse or modify their own decisions. * * Under such a system of jurisprudence, it would be difficult to reach the end of a law-suit. * * We are referred to no principle, or authority, to sustain such an action, and I think none can be found." And the court reversed the decree of the court below. See, also, *Boyd v. State*, and *Nelson v. Boynton*, at last term.

In the present case, Mrs. Pool, suing as administratrix, brought an action against Baker, Lawler & Co., for the recovery of chattels in specie. She made affidavit of her ownership of the property, and had it seized under the statute, Rev. Code, §§ 2593 *et seq.* The defendants failing to replevy within five days, plaintiff gave bond under section 2594 of Revised Code, and took possession of the property. Defendants pleaded, in bar of the action, that Mrs. Pool was not administratrix. The point of defense was, that Mrs. Pool received her appointment during the late civil war, after Alabama had adopted her ordinance of secession. *Bibb v. Avery*, 45 Ala. 691, was the authority on which the plea was filed. The case was tried at Spring term, 1873. At that time, under the decision of this court, the defense was a bar to the action; and the plea being true in point of fact, the defense prevailed, and there was a jury, and verdict and judgment, that the defendants recover of the plaintiff the property sued for, or its alternate value, which was ascertained and adjudged, and certain damages assessed for hire. The sheriff returned the bond, indorsed as the statute requires, and execution was issued against Mrs. Pool and her sureties,

for the alternate values of the property sued for, and for the assessed damages for the hires.—Rev. Code, § 2596.

In the present bill, Mrs. Pool sets forth the foregoing facts; avers that the property belongs to the estate of her intestate, and seeks to enjoin the said judgment and execution. This necessarily involves a re-trial of the case, if there be equity in the bill.

We have had occasion heretofore to deplore the consequences which have resulted from the unfortunate decision pronounced by this court in the case of *Bibb & Falkner v. Avery.*—See *Nelson v. Boynton*, at last term. The present record brings before us another hardship caused by it, for which we would be glad to find a remedy. This case, however, cannot be brought within any of the rules for relief against judgments, on the ground of surprise, accident, mistake, or fraud.—1 Brick. Dig. 666, §§ 376, 378. If we were, on account of the hardships of this case, to stretch principle in the attempt to afford a remedy, it is impossible even to conjecture the distance from ascertained landmarks, to which such deflection would lead us. The various rulings which this court has made, at different epochs of its history, on what is known as Confederate transactions, would open before us a field which we dare not explore, or even attempt to enter. Better, we think, to adhere to well-defined principles, although, in so doing, we leave a hard case unredressed. Law is but a rule, and can redress grievances only according to rule. When it ceases to be a rule of action, it is no longer a law. The right of plaintiff, complainant in this suit, was purely legal; not an equitable element in its assertion. She instituted her action in the proper court, for the recovery of her property, and lost it by an erroneous ruling. In this she was injured. The remedy for such injury, prescribed by law, is an appeal to a higher court. For the correction of such errors, chancery has no jurisdiction; and the fact that this court, as then constituted, would probably have ruled as the Circuit Court did, cannot furnish a ground for equitable interposition. As was said in *Jacobs v. Morange, supra*, "We are referred to no principle, or authority, to sustain such an action, and I think none can be found."

Under the principles above declared, we feel constrained to hold, that the bill in the present case is without the pale of equitable cognizance.

The decree of the Chancery Court is reversed, and a decree is here rendered, dismissing complainant's bill. Let the costs in the court below, and in this court, be taxed against complainant.