# Wright *v.* Rice.

*Motion for Sale of Wife's Statutory Separate Estate, after Unsatisfied Judgment against Husband.*

1. *Liability of wife's statutory estate for necessaries; character of debt, and primary judgment against husband.*—The liability of the wife's statutory separate estate "for articles of comfort and support of the household, suitable to the degree and condition in life of the family" (Rev. Code, §§ 2376-7), is not affected by the fact, that the husband contracted the debt in his own name,

and gave his note for it, with sureties, including therein the price of other articles bought at the same time; nor by the further fact, that the creditor recovered judgment on the note against him and the sureties.

2. *Description of plaintiff in complaint.*—When an administrator sues on a note taken payable to himself, adding to his name the words "who sues by the name and description of administrator of H. P.," &c., the superadded words are mere *descriptio personæ*, and the action is his individual suit.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. LUTHER R. SMITH.

This was a summary proceeding, by notice and motion, at the suit of John P. Rice, "plaintiff, who sues by the name and description of administrator of Hixey Pippen, deceased," against Mrs. Georgia H. Wright, the wife of John V. Wright, asking a sale of certain lands, which were particularly described, and alleged to be held by Mrs. Wright as her statutory separate estate, for the satisfaction of a judgment which the plaintiff had recovered against said John V. Wright, as hereinafter more particularly stated. The motion was filed on the docket on the 27th September, 1872. The judgment, for the satisfaction of which a sale of the lands was sought, was rendered by said court on the 2d November, 1871, in favor of said John P. Rice, against John V. Wright, Charles Hays, and Thomas Roberts; and was founded on a promissory note for $623.80, dated March 3d, 1864, and payable twelve months after date, to the order of "John P. Rice, administrator of Hixey Pippen, deceased;" which was given by said Wright, with said Hays and Roberts as his sureties, for the price of various articles of personal property, purchased by him at a sale made by said administrator, consisting of articles of household and kitchen furniture, plantation implements, &c. The judgment was for $623.80, and was rendered by default, with a writ of inquiry. The summons and complaint were in the name of John P. Rice, "who sues by the name and description of administrator of H. Pippen, deceased." An execution on this judgment was issued on the 5th December, 1871, which was returned on the 9th May, 1872, "No property found." The motion alleged that this judgment was founded "on a contract and note given to said Rice, administrator as aforesaid, by said John V. Wright, for sundry articles of goods, wares, and merchandise, for the comfort and support of his household, suitable to the rank and condition of the family, and for which the husband would be responsible at common law;" that these articles were bought while said John V. Wright and Georgia H. Wright were husband and wife, and that the lands sought to be subjected to .sale belonged to Mrs. Wright at that time, and also at the time the motion was made. The defendant demurred to the motion, assign-

ing as grounds of demurrer—1st, that the judgment was not against John V. Wright alone, but against him and his two sureties jointly; and, 2d, that the motion was in the plaintiff's individual name, while the judgment was in his favor as administrator. The court overruled the demurrer, and the defendant then pleaded "the general issue, in short by consent, with leave to give any special matter of defense in evidence."

On the trial, as the bill of exceptions shows, the plaintiff read in evidence his judgment against John V. Wright, Charles Hays, and Thomas Roberts, with the execution thereon, and its return; and proved the consideration of the note on which it was founded, and the character and value of the articles bought by said John V. Wright at the administrator's sale. It was admitted that all the articles, except the plantation implements, were articles for the comfort and support of the defendant's family, suitable to their condition in life; and that she and said John V. Wright were husband and wife at the time of the purchase; and that the lands belonged to her statutory separate estate, and were owned by her at the time the articles were purchased. The court charged the jury, on these facts, that the lands were subject to sale "for so much of the articles purchased at said sale, and included in said judgment on the note, as are shown by the evidence to have been for the comfort and support of the household, and suitable to the degree and condition in life of the family, and for which the husband would be liable at common law." The defendant excepted to this charge, and she here assigns it as error, together with the refusal of several charges asked, which require no particular notice, and the overruling of the demurrer to the motion.

W. COLEMAN, and E. MORGAN, for appellent.

W. P. WEBB, contra.

STONE, J.—In the case of *Wright v. Preston et al.*, at the present term, we decided most of the questions presented by this record adversely to the present appellant. It is contended in this case that, inasmuch as the articles, for the purchase of which the estate of Mrs. Wright is sought to be made subject in this proceeding, were purchased by her husband, John V. Wright, in his own name; that he gave his note with two sureties for the purchase-money, and that suit on the note was brought against the three, and judgment recovered therein, that this is a complete answer to the present motion, and no judgment can be rendered, condemning

[Jones v. Calloway's Adm'r.]

Mrs. Wright's property to sale for its payment. In *Sharp v. Burns*, 35 Ala. 664, we said: "The, right to subject the wife's separate estate to payment for the articles described in section (1987) 2376 of the Code, is not affected by the solvency and ability of the husband to pay, nor by the fact that the husband has been recognized as a debtor, or has given a mortgage to secure the payment. Whenever the combination of circumstances described in section (1987) 2376 exists, the wife's separate estate is liable." In the present record, it is shown that, to the extent of the liability declared, the combination of circumstances described in section 2376 of the Revised Code did and does exist.

2. There is nothing in the objection, that the primary suit and this motion are brought in different rights. John P. Rice is the plaintiff in each. All else is mere *descriptio personæ.* – *Agee v. Williams*, 27 Ala. 644.

Judgment affirmed.