# Cheatham *v.* Newman.

*The Statutory Separate Estate of a Married Woman.*

1. *The record of a judgment against the husband is not evidence of the nature of the articles purchased.*—In a proceeding under the statute to subject the wife's statutory estate, after judgment against the husband, the record of such a recovery is not evidence that the items, composing the account, were articles of comfort and support of the household.

2. *No change in the statutory separate estate can defeat proceedings against it.*—No change in the statutory separate estate existing and liable for the account when it was made, can defeat proceedings instituted to subject the estate to its payment.

APPEAL from the Criminal Court of Butler county.

Tried before the Hon. WALTER H. CRENSHAW.

At the February term, 1874, of the Criminal Court of Butler county, the following motion was heard and determined, viz.:

"*To Mrs. Nancy T. Cheatham, wife of Peter H. Cheatham:*

"You are hereby notified that at the next term of the Criminal Court of Butler county, Alabama, I will suggest to said court, that at the August term, 1871, of said court, on, to wit, August 10th, 1871, I recovered a judgment against your husband, Peter H. Cheatham, for the sum of one hundred and fifty 72-100 dollars, damages, besides the sum of sixteen 60-100 dollars, costs of said suit, which said suit was brought to recover the value of certain goods, wares and merchandise, consisting of articles of comfort and support of his and your household, suitable to the degree and condition of life of his and your family, and for which he would be responsible at common law, and which goods, wares and merchandise were purchased by him and his family in the year 1870, while you were his wife, and that an execution has been issued against said Peter H. Cheatham, upon said judgment, and has been returned 'not satisfied' or 'no property.' I will further suggest to said court, that at the time of the purchase of said goods, wares and merchandise, in the year 1870, you were the owner and in possession of the following real estate, to-wit: The east half of south-east quarter and east half of north-east quarter of section seventeen; the east half of north-east quarter of section twenty; the west half of north-east quarter and west half of south-west quarter of section sixteen; the north-east quarter of south-west quarter of section twenty-three; all in township ten, range twelve, in Butler county, Alabama. Which said lands were then, and are now, your separate estate, secured to you and held by you under the constitution and laws of the State of Alabama, and which property you still own and possess. And I will move said court for an order for the sale of said lands, or so much thereof as may be necessary for the satisfaction of said judgment and interest and costs.

"CHARLES NEWMAN,

"by Herbert & Buell, Attys."

The notice of the motion was duly executed on the defendant.

On the trial of the case, the plaintiff, against the objection of the defendant, read in evidence the judgment against her husband, Peter H. Cheatham, rendered in the said court on the 10th day of August, 1871. The plaintiff also proved the "issue of an execution, and the return of the sheriff thereon, and that the judgment was wholly unsatisfied." He also proved the items of the account upon which the judgment was rendered, and testified that all the articles contained in

[Cheatham v. Newman.]

the account were for the comfort and support of the household of Peter H. Cheatham, suitable to the degree and condition in life of his family.

The defendant offered to prove that some of the articles in the account were paid for at the time they were purchased, but the court refused to permit the proof to be made, or to "go behind the judgment," and to this action of the court the defendant excepted. The defendant also offered to introduce evidence tending to show that some of the articles were bought for the individual use of Peter H. Cheatham, but the court excluded the evidence, and the defendant excepted.

It was also proven on the trial that the larger portion of the statutory separate estate of the defendant consisted in gold coin. It was received from her father. During the months of January and February, 1870, her husband, Peter H. Cheatham, invested it in the land described in the motion above set out, and had the deeds of conveyance made to him. This was done without the knowledge or consent of the defendant, who filed a bill of complaint in the Chancery Court of Butler county for the reformation of said deeds, or to compel the said Peter H. Cheatham to convey the land to her. In October, 1872, the chancellor made a decree requiring him to convey the said land to this defendant.

WATTS & SONS, and P. O. HARPER, for appellant.—1. The judgment against the husband was no evidence against the wife, except for the purpose of showing such a judgment had been recovered. It was no further evidence against her than it would have been against a stranger. The general rule is well settled on this subject.—21 Ala. 813, 833; 35 Ala. 665.

2. In a suit against the husband, it is not necessary to aver that the articles were for the support and comfort of the household, &c., and therefore the judgment would furnish no evidence against the wife's separate estate on a motion.—Authorities, *supra;* 2 Port. 351; 36 Ala. 602; 29 Ala. 149. The court therefore erred in holding the judgment was conclusive in the motion against the wife.

3. This is a summary proceeding, and the record should disclose every fact necessary to entitle the plaintiff to such a remedy, and that it complies with the statute.—2 Brick. Dig. 464, § 1-2. In such cases, the judgment, whether by default or otherwise, must show affirmatively every fact necessary to give the court jurisdiction.—22 Ala. 61.

4. The decree for the conveyance of the land to the defendant was made October 25th, 1874; the account was contracted

[Cheatham v. Newman.]

in 1870; the judgment against the husband was rendered August 10th, 1871. The lands were his, and could have been sold under execution on the judgment against him. At the time the account was contracted, the separate estate of the appellant was in money.—33 Ala. 522.

5. The verdict was a special one. But it does not find that the articles were suitable to the degree and condition in life of the family; nor for which the husband would be responsible at common law. It is essential that both of these facts should have been found.—31 Ala. 438; 47 Ala. ——. No legal judgment could have been rendered on this verdict. This separate estate must have belonged to the wife when the goods were sold, and also at the commencement of this suit.—Authorities, *supra*.

5. The wife unquestionably had the right to prove that the account on which the judgment against the husband was rendered, was not such an one as would bind her separate estate. But the court refused to allow this proof to be made. In this action it erred.

HERBERT & BUELL, for appellee.

STONE, J.—The record of recovery against the husband was not evidence against the wife's separate estate that the items composing the account were for articles of comfort and support of the household, &c. Nor did such recovery preclude proof that the account had been paid in whole or in part.—*McMillan v. Hurt*, 35 Ala. 665, and other authorities cited by appellant.

A change of investment of the wife's estate, between the purchase and the motion to condemn such substituted estate for a debt for which the separate estate is liable, is no defense to the motion.

Reversed and remanded.