# Roberts v. Rice.

*Motion to quash Execution and enter Satisfaction of Judgment.*

1. *Power of this court over results of former erroneous rulings as to Confederate transactions.*—This court can exert no power over the hardships which have resulted from former erroneous rulings in reference to Confederate transactions. They present, however, "strong claims for concession, compromise and adjustment, graduated by a scale approximating true values."

2. *Judgments on contracts based on Confederate prices conclusive.*—A judgment rendered in 1871 on a promissory note executed in 1864, for purchase-money of personal property then bought at an administrator's sale, is conclusive between the parties, and can not be assailed or scaled on account of Confederate prices.

3. *Merger of judgment; what does not operate as.*—A judgment having been rendered against the husband for goods purchased by him, a portion of which consisted of articles of comfort and support of the household, etc., a condemnation of the wife's statutory separate estate to the satisfaction of a stated part of such judgment, covering only the value of the articles of comfort and support of the household, is not a merger of the original judgment, but is merely auxilary to its collection; and it operates a payment only when, and to the extent it is made available.

APPEAL from Greene Circuit Court.
Tried before Hon. WM. S. MUDD.
This was a motion by Thomas W. Roberts to enter satisfac-

. [Roberts v. Rice.]

tion of a judgment recovered on 2nd November, 1871, in said court by John P. Rice, as the administrator of the estate of Henry Pippin, deceased, against him, John V. Wright and Charles Hays, for $623.80, and to quash an execution issued thereon. As shown on the trial of the motion, this judgment was rendered on a promissory note executed by Wright, as principal, and the other defendants, as sureties, on 3d March, 1864, for the amount of the judgment, and was given for certain articles of personal property which said administrator sold on that day under the orders of the probate court, and which were purchased by Wright. These articles were sold for Confederate prices, at a time when only Confederate money was in circulation. The real value of the articles purchased in the currency of the United States was $164.10. The property purchased consisted in part of plantation implements to the value, in Confederate money, of $72.50, in the currency of the United States, of $39.04, the remainder consisting of such articles of comfort and support of the household as the statutory separate estate of the wife are liable for under the statute. It was also shown that the suit was defended, but that, under the rulings of this court in *Hill v. Erwin*, 44 Ala. 661, the defendants were not allowed to show that, by agreement of the parties, said note was to be paid in Confederate money, or to show the value of the articles purchased at said sale in the lawful currency of the United States. At the spring term, 1874, of said court, on notice and motion under the statute, based on said judgment, certain property belonging to the wife of the defendant Wright, as her statutory separate estate, was condemned to sale for the payment of $135.06 of said judgment, the amount ascertained by the verdict of a jury as the value of the articles purchased by her husband at said sale, for which her statutory separate estate was liable. This amount Mrs. Wright afterwards paid. No steps were taken to enforce the payment of the balance of the judgment against said defendant from April 24, 1875, until 4th November, 1880, when the execution sought to be quashed was issued.

The motion sets out the foregoing facts, and there was no controversy in reference thereto on the trial. The court charged the jury, at the written request of the plaintiff in execution, that if they believed the evidence, they must find the issues in his favor, and said Roberts excepted. The giving of this charge is here assigned as error.

GREEN B. MOBLEY, for appellant.

WM. P. WEBB, *contra*.

[Roberts v. Rice.]

STONE, J.—The present record presents another of the hardships, which have grown out of erroneous rulings in reference to Confederate transactions.—*Nelson v. Boynton*, 54 Ala. 368; *Baker, Lawler & Co. v. Pool*, 56 Ala. 14. Over such hardships we can exert no power. They present strong claims for concession, compromise and adjustment, graduated by a scale approximating true values.

The judgment rendered in the original cause of Rice, Administrator, v. Wright, Hays and Roberts, like all other judgments rendered by courts of competent jurisdiction, is forever conclusive between the parties, unless reversed, or assailed on grounds not presented in this record.—*Baker v. Pool, supra; Bobe v. Stickney*, 36 Ala. 482; 2 Brick. Dig. 145; *Ib.* 466, § 33.

Neither is there anything in the argument that the proceeding against Mrs. Wright's statutory separate estate, and its condemnation, is a merger therein of the original judgment. In truth, the order condemning Mrs. Wright's property, was in no sense a judgment against her. The judgment against Wright, her husband, and his sureties was not the consideration on which the latter judgment was rendered. It was only a jurisdictional predicate, on which to found the proceedings for condemnation. It furnished no evidence of the liability of the statutory separate estate. . That had to be proved, as in other actions at law; and. on proper proof, a condemnation of the separate property would follow, although the proof of liability fell far short of the amount of the judgment against the husband. This grows out of the fact, that while the husband is liable for the whole amount of the debt contracted, the estate of the wife can be charged only to the extent specified in the statute. *Cheatham v. Newman*, 59 Ala. 547; *McMillan v. Hurt*, 35 Ala. 665; *Wright v. Preston*, 55 Ala. 570; *Wright v. Rice*, 56 Ala. 43; *Lee v. Tannenbaum*, 62 Ala. 501. As well contend that a judgment in garnishment is a merger of the judgment against the defendant in execution, or that a judgment condemning property, levied on under ancillary attachment, merged the judgment rendered in the suit, in aid of which it was sued out. All such suits are but aids in the collection of the principal debt, and are payment only when, and to the extent such auxiliary suits are made available.

The judgment of the Circuit Court is affirmed.