(96 South. 70)

## VARNER et al. v. BARRETT. (5 Div. 852.)

(Supreme Court of Alabama. April 19, 1923.)

1. **Process ☞18—Summons issued by clerk pursuant to statute held sufficient.**

A summons to defendant "to appear * * * to answer, plead or demur to the complaint hereto annexed of" plaintiff, issued under the hand of the clerk and followed on the same paper by the complaint in two counts signed by the firm name as "attorneys for plaintiff," *held* sufficient compliance with Code 1907, § 5296, authorizing the clerk to issue the summons to the sheriff for defendant, and granting a motion to quash it was reversible error.

2. **Pleading ☞243—Amendment of complaint sufficient to state cause of action held warranted under statute.**

Plaintiffs who, having filed a complaint which, though defective, was not unintelligible and was sufficient to state a cause of action and to call the clerk to the discharge of his duty under the statute, issue process to defendant, *held* entitled under Code 1907, § 5369, to amend their complaint so as to remedy the defect.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Action by W. A. Varner and F. E. Gandy against R. C. Barrett. From a judgment quashing the summons and taxing plaintiffs with costs, plaintiffs appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

The summons and complaint are as follows:

"The State of Alabama, Coosa County.

"To Any Sheriff of the State of Alabama, Greetings: You are hereby commanded to summon R. C. Barrett to appear before the circuit court in and for said state and county, at the place of holding the same within thirty days from the service of this summons and complaint, then and there to answer, plead or demur to the complaint hereto annexed of W. W. Varner and F. E. Gandy.

"You are required to execute this process instanter and to return the same immediately upon the execution thereof.

"Witness my hand, this the 17th day of December, 1921. G. T. Rayfield, Clerk of the Circuit Court of Coosa County, Ala."

Complaint.

"(1) Plaintiff claims of the defendant the following property, to wit: 11 steers from 2 to 3 years of age, 20 cows from 4 to 7 years old, 9 bulls from 1 to 3 years old, 12 heifers from 2 to 3 years old, 8 calves from 2 weeks to 1 year old, one black mare mule about 4 years of age, one blue mare mule about 11 years old, one two-horse wagon and harness. Also all other live stock I have on hand now or may have on hand between now and the time this mortgage is paid in full, together with use or hire thereof from the 15th day of December, 1921.

"(2) The plaintiff claims of the defendant the sum of $459.12 as the assignee of a note executed on April 25, 1921, to the Bank of Rockford, and payable on the 1st day of October, 1921, which said amount is now due with the interest thereon, and still unpaid.

"Felix L. Smith & Son,
"Attorneys for plaintiff."

Felix L. Smith & Son, of Rockford, for appellants.

It was not necessary that the complaint have a title, but only that it shall set forth the cause of action. Code 1907, §§ 5296, 5297; 4 Ency. Pl. & Pr. 590.

Holley & Milner, of Wetumpka, for appellee.

Failure to give the names of the parties at some place in the complaint is a fatal defect. 31 Cyc. 96; 4 Ency. Pl. & Pr. 590.

THOMAS, J. [1] There was reversible error in granting the motion to quash the summons issued in the cause of W. A. Varner and F. E. Gandy v. R. C. Barrett.

The summons was to "R. C. Barrett to appear * * * to answer, plead or demur to the complaint hereto annexed of W. W. Varner and F. E. Gandy," issued under the hand of the clerk and followed on the same paper the "complaint" in two counts signed by the firm name as "attorneys for plaintiff." This was sufficient compliance with section 5296 of the Code to authorize the clerk to issue the summons to the sheriff for the defendant. Code, § 5296; 4 Ency. Pleading & Prac. 590; 31 Cyc. 96; 21 R. C. L. p. 483, § 47.

There is analogy in the holding that the character in which a party sues is determined from the body of the declaration, and not from the description of himself in its caption. Tate v. Shackleford's Adm'r, 24 Ala. 510, 60 Am. Dec. 488. The writ was looked to in aid of the declaration in Gibson v. Land, 27 Ala. 117, 119, 125; Farrow v. Bragg's Adm'r, 30 Ala. 261; and the summons and caption in aid of the body of the complaint in Lucas v. Pittman, 94 Ala. 616, 10 South. 603; Montgomery County v. Barber, 45 Ala. 237; Wright v. Rice, 56 Ala. 43. In Evans v. Bridges, 4 Port. 348, it was declared that it was not necessary that a complaint have a caption, provided it be filed before judgment rendered. Tunstall v. Donald, 15 Ala. 841; 31 Cyc. 94.

[2] The plaintiffs should have been allowed, on due application, to amend their complaint (Lucas v. Pittman, 94 Ala. 616, 10 South. 603; Mahan v. Smitherman, 71 Ala. 563, 565; L. & N. R. R. Co. v. Markee, 103 Ala. 160, 171, 15 South. 511, 49 Am. St. Rep. 21; Hanchey v. Brunson, 181 Ala. 453, 61

South. 258; King v. Gray, 189 Ala. 686, 689, 66 South. 643; Code 1907, § 5369), since it was not unintelligible, and was sufficiently certain to state a cause of action and to call the clerk to the discharge of his duty under the statute, to issue due process to defendant, and service thereof was shown by the record.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.