Joseph M. Conroy, J.
In an action for specific performance plaintiffs move for summary judgment.
On April 7, 1959, by a contract in writing plaintiffs agreed to purchase and defendants agreed to sell a parcel of real property located in Jackson Heights, New York. Defendants operated the property as a rooming house from which they derived their livelihood. In the answer to this action defendants have alleged, as an affirmative defense, that the contract was conditioned upon defendants obtaining other accommodations which would produce a suitable income for them. The written contract contains no such provision. Defendants, in opposition to this motion, state that in February and March of 1959 a real estate broker persistently urged them to sell their property and they reluctantly consented. They did not read the contract before signing it, but they do not claim that such omission was fraudulently induced nor do they claim that they are unable to read. Thereafter they looked for another house, but were unable to find anything suitable, whereupon they sought to return plaintiffs’ deposit and offered to pay plaintiffs’ expenses and damages.
It is apparent that defendants have no defense to this action. The cases cited by them are readily distinguishable. In Micbar Realty Corp. v. Truval Realty Corp. (202 Misc. 969) the court noted the general rule that a court of equity will refuse to decree specific performance of a contract where performance would produce hardship or injustice not reasonably within the contemplation of the parties at the inception of the contract. In Gordon v. Mazur (284 App. Div. 289, affd. 308 N. Y. 861) the court withheld specific performance to prevent one party from gaining a windfall at the expense of another who had misconstrued the technical provisions of their contract. In Scheinberg *735 v. Scheinberg (249 N. Y. 277) the court stated that specific performance may be withheld where the contract was obtained under practical compulsion and where one of the parties was “ the victim of a conspiracy to defraud her of her property ” (p. 283).
In the instant case there is no suggestion that the contract was obtained by fraud, duress or even mistake. Defendants merely changed their mind about selling their property after the contract was executed. They cannot for this reason deprive plaintiffs of their right to enforce the contract. (Guokas v. Bishara, 57 N. Y. S. 2d 588.)
The motion for summary judgment is granted. Settle order.