## (March 15, 1960)

■ MARTIN W. FRANKEL, Respondent, v. TREMONT NORMAN MOTORS CORP. et al., Appellants.

APPEAL from a judgment of the Supreme Court in favor of plaintiff entered July 23, 1959, upon a decision of the court at a Trial Term, without a jury.

Judgment affirmed, with costs to the respondent.

M. M. FRANK, J. (dissenting in part). In this action in equity for specific performance, I agree with the majority to the extent that the plaintiff is entitled to a judgment declaring that his contract with the defendant corporation, an automobile agency, for the purchase of certain of its assets, the assignment of its lease, and the cancellation of its automobile franchise, was valid and enforcible. I cannot, however, concur in the affirmance of the relief granted by the learned Trial Judge.

It is an accepted and recognized precept in equity that a decree directing specific performance rests in the sound discretion of the court, and that the right to such relief is not absolute, but depends upon consideration of all the circumstances in each case. Pomeroy (4 Equity Juris. [5th ed.], §§ 1404, 1405a, pp. 1042–1044) suggests that specific performance should not be granted where the contract is unconscionable, unfair, one-sided, affected by any other inequitable feature, results from a hard bargain, or when its performance is oppressive upon the defendant. Pomeroy equates the principle to the maxims (p. 1042), "he who seeks equity must do equity" and, "he who comes into equity must come with clean hands."

In *Scheinberg* v. *Scheinberg* (249 N. Y. 277, 281–282) the Court of Appeals placed its imprimatur upon these principles and said, "This is an action in equity for the discretionary remedy of specific performance of a contract. In 1903 in *Beasley* v. *T. & P. Ry. Co.* (191 U. S. 492, 497) HOLMES, J., said: 'To compel the specific performance of contracts still is the exception, not the rule.' Courts of equity refuse to enforce harsh and unfair bargains. If moral coercion produces a contract; if it is executed under practical compulsion; if one party acts unfairly and the other yields to the pressure of circumstances, equity will refuse specific performance even though in law the contract would be enforced.

"The facts of each particular case of this character should be considered and dealt with on the merits. If the court is of the opinion that it is unconscientious for a person to avail himself of his legal advantage, equity will not attach its sanction to the transaction. (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22.) It has often been said in substance: 'While a court of equity exercises a discretion regulated upon judicial grounds, it is not compelled, and it will refuse, to aid one whose appeal to it offends its conscience.' (*Unckles* v. *Colgate*, 148 N. Y. 529, 532.) " Specific performance will not be decreed if great hardship will result (*Kleinberg* v. *Ratett*, 252 N. Y. 236, 240; *Warren* v. *Hoch*, 276 App. Div. 607), and courts of equity refuse their aid to enforce harsh, unjust or unfair bargains (*Partlow* v. *Mulligan*, 76 N. Y. S. 2d 181, 184, CLOSE, J.).

Applying these principles to the matter at hand warrants the conclusion that specific performance would be oppressive and consequently inequitable.

For several years the plaintiff had been employed by the defendant corporation as its manager, at a salary of $300 per week, under a contract that would not expire for approximately five months after the date of the agreement. The defendant, Ross, was president of the corporation, and it appears from the record that he was a nervous, tense individual. On Monday, July 21, 1959, Ross, apparently vexed and irritated, told the plaintiff that he was tired of the business and of meeting the payroll, and that the plaintiff could have it all for $3,500 provided the sale would be consummated by Friday. That night at his home, the plaintiff prepared a memorandum of the terms of sale which the defendant signed on Wednesday, July 23, 1959. Thereafter, Ross informed the plaintiff that his wife (the nominal owner of more than 1/3 of the stock) objected to the sale and that the transaction would not be consummated. Ross testified that there was a lapse of only four hours between the signing of the

agreement and the disavowal. The plaintiff claimed that it occurred the morning after they signed the memorandum. In any event, the plaintiff spoke to Mrs. Ross who refused hysterically to permit the transfer, and the proof indicates that Mr. and Mrs. Ross intended eventually to give the agency to their son. The plaintiff, in urging the defendant to close the transaction, said, "You've been getting sick over the place. The business will only kill you eventually. I know you don't like it. I know you want out."

This then was the setting in which the contract was executed and the purchase made by the plaintiff for the sum of $3,500. It has been urged that there was no overreaching by the plaintiff and no induced sale, because on the day the memorandum was signed, an advertisement appeared in the *New York Times* stating, "Dodge dealership available, Metropolitan New York. Parts and equipment approximately $25,000, furniture and fixtures $12,000. Fast buyer takes all for $12,000." There is a wide chasm between a newspaper offer and an actual sale. Moreover, the disparity between the price specified in the advertisement and the sum paid by the plaintiff would, at least, suggest an impulsive, ill-considered response to persuasion by a trusted employee.

In my view, to decree specific performance would be unconscionable and unjust, and result in a virtual confiscation of property.

It is established law that equitable relief may be tailored to fit the circumstances and that it rests in the broad discretion of the court to grant or deny specific performance. (*Matter of Lipschutz* [*Gutwirth*], 304 N. Y. 58, 63; 2 Story, Equity Juris. [14th ed.], §§ 1026-1027, pp. 407-408.) The plaintiff can be adequately compensated and made whole by casting the defendant in damages, and a court of equity is empowered to render a decree accordingly.

I vote, therefore, to modify the judgment to eliminate the decretal paragraphs awarding specific performance, and to remand the action for an assessment of appropriate damages.

McNally, Stevens and Bastow, JJ., concur in decision; M. M. Frank, J., dissents in part and votes to modify the judgment in opinion, in which Rabin, J. P., concurs.

Judgment affirmed, with costs to the respondent. [21 Misc 2d 20.]