OPINION OF THE COURT
Joseph J. Sedita, J.
Plaintiff herein seeks a determination of her right to certain benefits received by her former husband upon his retirement from National Fuel Gas Corporation where he worked during the 29 years of their marriage. Pursuant to a stipulated agreement between the parties which was incorporated into a subsequent divorce, the parties sought to settle marital pension rights using the following language: “The defendant is entitled to a pension from his employer, National Fuel Gas, upon his retirement. A formula will be utilized, formula being the years of the marriage divided by the years worked, and toward the pension, times the net amount available from the pension, divided by one-half, and that figure will be the figure which he will continue to pay to the plaintiff after he retires.”
The stipulation also provided for unallocated maintenance of $200 per week. Said maintenance was to terminate when the defendant retired triggering distribution of pension rights. About one year after the divorce, the defendant was offered an early retirement by his employer. As an inducement for early retirement, he was offered, in addition to his regular pension, a *182 severance benefit plus a $500 per month additional “supplemental” benefit until the defendant was eligible for Social Security. Since defendant has retired, he now claims he only has to pay the defendant $366.21 per month which is his wife’s share of his original company pension. This is a reduction of over $400 per month from the presumptively reasonable amount of support agreed to by the parties in their stipulated settlement.
The novel issue presented to this court for determination is whether or not these additional benefits fall within the ambit of the parties’ agreement as to pension distribution. Are these benefits part of his “pension package” with the plaintiff having a right to a portion of any part of that “package”? Or, are these benefits simply property acquired by the defendant after the divorce, and not subject to that agreement and judgment. The court has found no case law in point to guide or resolve its determination of this issue.
Agreements affecting and resulting from the marital relationship have historically been given special scrutiny by our courts to ensure equity and fairness in their inception and enforcement, (See Christian v Christian, 42 NY2d 63; Scheinberg v Scheinberg, 249 NY 277; Hendricks v Isaacs, 117 NY 411; Hungerford v Hungerford, 161 NY 550.)
Keeping in mind the more stringent standards by which our courts judge marital agreements, we note that in interpreting and enforcing these agreements, our courts will attempt to ascertain the intention of the parties as reflected in the words of the agreement. (See 2 Foster-Freed, Law and the Family, § 28.23.) Agreements must be construed as a whole to ascertain the intention of the parties. (See Simpson and Duesenberg, 6 Encyclopedia of NY Law, Interpretation, § 805.)
Looking at this stipulated agreement as a whole, one sees a rather common scenario envisioned by the parties and reflected in their stipulated settlement. This scenario provided maintenance until remarriage or retirement with pension rights picking up where maintenance left off at the time of retirement. The opportunity for an early retirement and pension was clearly not foreseen or provided for in the stipulation. Under normal circumstances, retirement and pension would have been unattainable for many years without substantial loss of benefits.
It is unreasonable and unbelievable to assert that the parties intended to establish a framework within which the income of the plaintiff could be precipitously cut one year after this agreement and divorce. The only reasonable interpretation of this stipulated agreement is that it was made with the normal *183 expected scenario in mind. In other words, the apparent intention of the parties was for maintenance to continue until the reasonably expected retirement age. By accepting an early retirement, the defendant frustrated the expected pattern of maintenance and pension right distribution agreed to by the parties. At least one appellate court has held that both parties have an interest and right in the timing of pension distributions. (See Sochor v International Business Machs., 90 AD2d 442.)
It would be unworkable and unreasonable to expect the defendant to attempt to rescind his election of early retirement. However, it would be equally unreasonable to allow him to enjoy the benefits of that early retirement while frustrating the maintenance plan he freely made with his spouse of 29 years.
Let us look more carefully at this stipulated agreement to determine if the grave injustice outlined above can be averted within the language assented to by the parties. The agreement clearly provides for a distribution of “pension” rights upon retirement. Webster defines a “pension” as “a payment, not wages, made regularly to someone who has fulfilled certain conditions of service, reached a certain age, etc.” (Webster’s New Twentieth Century Dictionary [2d ed]). Ballentine’s Law Dictionary defines “pension” as a “periodical payment of a fixed amount made to retired public and private employees by way of retirement pay” (p 931).
Unless more readily specified the term “pension”, in common parlance, refers to those periodic payments paid by an employer to a retiring employee as part of a benefit plan or program. The law requires us to give words utilized in an agreement their natural ordinary and familiar meaning unless a more technical meaning is specified. (See 2 Foster-Freed, Law and the Family, § 28.23.)
The primary “pension” received by the defendant is his original “pension”. The secondary benefit plan involves periodic payments from his former employer of $500 per month incident to his retirement. This also clearly falls within the commonly accepted definition of a “pension”. Both form a “pension package” which fairly and equitably should fall within the distribution formula agreed to by the parties.
With reference to severance pay, we note that it was an integral part of the early retirement package and was paid in several installments. We are of the opinion that since this was part of the over-all retirement “pension package”, it should therefore also be distributed according to the formula agreed to by the parties.
*184 It is the understanding of this court that all other substantive matters before this court have been resolved between the parties. It is the considered opinion of the court that the parties should be responsible for their own attorney fees.