OPINION OF THE COURT
Joseph J. Sedita, J.
The parties to this matrimonial action resolved almost all financial and property issues incident to the dissolution of their marriage by a stipulated agreement which they ratified in writing in compliance with Domestic Relations Law § 236. Left for determination by this court is the scope of procedural and substantive rights related to the package of options and fringe benefits interwoven with the plaintiff’s basic postretirement pension. The parties have stipulated that whatever substantive "pension” rights are included in this determination shall be divided according to the formula set by the New York State Court of Appeals in the case of Majauskas v Majauskas (61 NY2d 481).
Although the precise issues raised by this case have not been clearly determined by case or statutory law, this court *684 has dealt with a similar issue in the case of Biddlecom v Biddlecom (126 Misc 2d 181). In Biddlecom, we were called upon to interpret the word "pension” in a stipulated agreement. We held that the word "pension”, absent other clarifying language, meant "those periodic payments paid by an employer to a retiring employee as part of a benefit plan or program.” (Biddlecom v Biddlecom, supra, p 183.) This definition was held to include other forms of postretirement benefits in addition to the basic "pension” rights. In the instant case we are not called upon to interpret an agreement, but to apply the law to an area intentionally left open for a ruling by this court. However, the Biddlecom ruling reflected an effort to effectuate the equitable foundations of the public policy encapsulated in the new Equitable Distribution Law.
The complexities of our modern society are reflected in complex employee benefit programs and options. Fringe benefit packages both during and after retirement may rival salary or wages in total cost to an employer. These benefits are part of the total package of benefits which an employer utilizes to induce continued employment. Rights to these benefits normally accumulate during the working life of the employee as a reward for extended service.
The Court of Appeals has held that "pensions” are property which is subject to distribution. (Majauskas v Majauskas, supra.) Various options and fringe benefits included in plans, such as the one in our case, can have a significant impact on the amount and timing of funds actually distributed as postretirement benefits. As such, the exercise of options will directly impact on the fund base to which the "Majauskas formula” will be applied in determining rights under the Equitable Distribution Law. A failure to recognize and provide distribution in accord with the realities of modern postretirement benefit packages will blunt the clear legislative intent manifest in this statute. Financial benefits and rights accumulated during and as a result of employment during the marriage are subject to equitable distribution. Equity must not be blind to reality or subject to circumvention by the clever election of options or alternative benefits. By alternative benefits we mean benefits which may be received in addition to or "in lieu of’ regular pension benefits. Of necessity, this would include disability benefits received "in lieu of’ early retirement benefits and death benefits which might be paid "in lieu of’ pension benefits.
*685 The substantive rights outlined above can only be meaningfully protected if certain procedural rights are preserved.
First, the managing entity or entities for the retirement funds should be given notice of the nonemployee’s rights in any benefit distribution.
Second, if any option is sought to be exercised which effectively diminishes the nonemployee’s cash benefits or serves to extend the time when any such benefits are to be received, the nonemployee must be given reasonable notice of the intent to exercise any such options. (See, Sochor v International Business Machs. Corp., 90 AD2d 442.)
Third, options which served to diminish the nonemployee’s benefits or extend the time for receipt of benefits may only be effectuated if there is agreement by the nonemployee to the selection of any such option, or a reasonable time has lapsed from the giving of reasonable notice of the intent to exercise any such options. We are of the opinion that a reasonable time is at least 90 days from the date upon which notice was given to the nonemployee’s former spouse.
The court notes that a lump-sum distribution to the nonemployed spouse would be preferable to the somewhat cumbersome procedure outlined above. However, if a lump-sum settlement is not possible, an order will be granted in accord with the above analysis. The base figure subject to distribution shall be calculated according to the formula approved by the Court of Appeals in Majauskas (supra). Neither party has sought a greater than 50% share of that figure, nor can the court find any basis (after considering all appropriate factors) for awarding more or less than 50% of the base figure to each party.